· John Collins, *et al.*, *vs.* King County.

Under the statute of this Territory relative to the superintendence of the poor, a complaint, to charge the county for the support of a pauper, must at least show the county board have recognized the person as a pauper.

It should affirmatively show a compliance, by the one suing, to the express law relative to the care of the poor.

Conceding that an action in such case could lie, on an implied contract, under these statutes, still it will not lie, unless there has been some affirmative action on part of the County Commissioners, and the same must be directly and certainly pleaded.

The complaint in such case is insufficient, if it fails to show that the account sued on was presented to and disallowed by the County Commissioners as in case of other demands against the county.

Should the complaint show the pauper had no relatives bound to support him—*quære*.

Error to the District Court holding terms at Seattle.

*J. J. McGilvra* for plaintiff in error.

*D. P. Jenkins* for defendant in error.

Opinion by Greene, Associate Justice.

The complaint in this cause was demurred to in the District court, and there adjudged insufficient. Final judgment was entered accordingly. Upon that judgment the plaintiff here sues his writ of error.

The complaint for cause of action alleges, that from December 9, 1870, to February 15, 1872, one Robert Smallman, wife and two children were paupers of and belonging to King county; that, from December 9, 1870, to May 25, 1871, plaintiffs boarded and lodged Smallman and his wife, and from May 25, 1871, to February 5, 1872, boarded and lodged Smallman, his wife and two children; that such board and lodging was worth the sum of $1,300; that during the times mentioned, defendant had full knowledge that Smallman, his wife and children were paupers, but neglected to remove them from plaintiffs' premises, and "requested and directed plaintiffs so to board and lodge and take care of" them, and promised to pay plaintiffs what their board and lodging was reasonably worth.

The demurrer alleges, First, want of jurisdiction, because the complaint fails to show that the demand sued for was presented to defendant for inspection, examination, allowance or payment; and second, failure of the complaint to state facts sufficient to constitute a cause of action, because not showing a presentation of plaintiff's claim to defendant for examination and payment, and because not showing but that Smallman and wife and children had relatives bound by law to maintain them.

Under the act entitled "An act relating to the support of the poor," approved January 21, 1863, the board of county commissioners of the several counties of this Territory are vested with "the entire and exclusive superintendence" of the poor in their respective counties (Sec. 1), and they are to make contracts and appoint agents for the necessary maintenance and oversight of the poor (Sec. 4). This superintendence is affirmed in Sec. 19 of the act of December 1, 1869, laws 1869, page 307.

The complaint to be good in the face of these statutes should at least show that the county commissioners in their capacity of a public board have recognized the Smallman family to be paupers. It should show affirmatively a conformity to the express law, under which the poor are to obtain public care and the public money is to be disbursed. Granting that a complaint might lie against a county on an implied contract, no implied contract can arise under these statutes where there has been no affirmative action of the county commissioners. Such affirmative action of the board should be pleaded, since by statute it is required; and pleaded not inferentially, but directly and with certainty. The complaint shows no action whatever of the county commissioners in the premises. Of course, then, no contract express or implied can be understood from this pleading to have been entered into with the defendant in error. The complaint in this respect is insufficient.

Further, the board of county commissioners is "authorized and required," by statute law, to allow all such accounts as this, legally chargeable against the county (Act December 1, 1869, Sec. 11, laws 1869, page 305). The statute also provides, that any such account, disallowed, in whole or in part, may within

53

three months after disallowance, be sued. It is the intent of the statute that all accounts legally chargeable against the county, not otherwise provided for, be, by the board, in whole or in part disallowed, before action can be brought. Such a disallowance of the claim of the plaintiffs in error ought to have been directly and with certainty pleaded in their complaint. Their complaint, inasmuch as it sets up no such disallowance, is fatally defective in this respect also.

We incline to think that a good complaint might have been drawn without alleging that the supposed poor persons had no relatives bound by law to support them. But the insufficiencies on which we have passed in this opinion are well enough suggested in the demurrer to the complaint, and show that the judgment of the District court must be affirmed.