[No. 2717. Decided December 2, 1897.]

THE STATE OF WASHINGTON, *on the Relation of George E. Banks, Appellant,* v. BOARD OF COUNTY COMMISSIONERS OF SNOHOMISH COUNTY *et al., Respondents.*

SALARY OF JUSTICE OF THE PEACE — PRESENTATION OF CLAIM TO COUNTY COMMISSIONERS — MANDAMUS.

Under Laws 1893, p. 280, §1 (Bal. Code, §393), a claim for salary as justice of the peace must be presented to the board of county commissioners for their examination and allowance, and upon

their refusal to allow same, mandamus will not lie to compel payment, since there is a remedy by appeal from the action of the board of commissioners.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge. Affirmed.

*F. H. Brownell,* for appellant.

*J. H. Naylor,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is a proceeding by mandamus to compel payment of a salary to the relator as a justice of the peace of the city of Everett. It is shown by the relator that he presented his claim to the board of county commissioners of Snohomish county and that they refused to allow it; but his contention is, that it was unnecessary for him to have presented it to them, on the ground that his salary was fixed by statute, based upon the population of the city, and that the statute makes it the duty of the county auditor to draw the warrant therefor; and that the office of justice of the peace is not one of those enumerated in section 2973, Vol. 1, of the Code (Bal. Code, § 1564), for which salary claims are required to be presented to the commissioners for allowance before the auditor can draw a warrant, and he contends that it was not necessary for him to have made the commissioners parties to this proceeding; nor does section 3039 (Bal. Code, §1646) relating to the salaries of justices of the peace specify that said claims shall be presented to the county commissioners. As to whether they must be presented is the sole question to be determined here, upon the case as it stands, for the judgment went against the relator upon a demurrer.

His petition was otherwise sufficient in all respects, and

11—18 WASH.

the fact that he presented his claim to the commissioners would not affect his right to the relief sought if he was not required to present it to them.

The question is not free from difficulty. There is apparently just as much reason for presenting a claim for a salary for a justice of the peace to the board of commissioners for allowance as there would be for presenting a like claim by any of the other county officers.

The relator alleged that the city of Everett had 5,000 population, but the commissioners found that there was a lesser number and refused to allow his claim upon that ground. The auditor should not be called upon to pass upon such a matter, and it would very properly fall within the duties of the commissioners.

There might be other good reasons for refusing to allow a claim of the kind, aside from the one mentioned.

A later act, Laws 1893, p. 280, §1 (Bal. Code, §393), relating to the duties of county auditors requires them to present all claims to the board of county commissioners for their examination and allowance, with the exception of such fee bills as are required to be examined by some other tribunal or officer, and this section would, within its general terms, require the claims of all county officers for salaries to be presented to the commissioners, but the relator claims that this act can have no such effect, as it is simply a continuation of former statutes without a substantial change; and, as justices of the peace did not draw salaries at the time said statutes were originally passed, it should not have any application to them now. But we do not think this contention is well founded, even conceding that said act worked no substantial changes otherwise in the laws as they then existed. The act enumerated no claims and excepted none, aside from the class to be approved by some other tribunal or officer, and we think it was sufficient to include

the relator with the other county officers, as it must be considered as passed with reference to all county officers, to enforce its spirit, even though it was a substantial re-enactment of former statutes.

Affirmed.

REAVIS, DUNBAR and GORDON, JJ., concur.