[No. 2744. Decided December 7, 1897.]

The State of Washington, *on the Relation of H. A. Porter, Appellant*, v. T. E. Headlee, *as County Auditor, Respondent.*

MANDAMUS TO AUDITOR — JUDGMENT ALLOWING CLAIM AGAINST COUNTY — CONCLUSIVENESS — PARTIES — CLAIM OF JUSTICE OF PEACE FOR SALARY.

Mandamus will lie to compel a county auditor to draw a warrant upon a claim for unpaid salary as justice of the peace, when judgment therefor has been duly rendered in an action between the county and the claimant, involving the legality of such claim.

The fact that an action to restrain the issuance of a warrant upon a claim against a county had been instituted by the prosecuting attorney, in his own name instead of that of the county, would not affect the validity of the judgment in the action, when such suit had been directed by the county commissioners to be brought by him; especially when the county was the real party in interest and appeared through its commissioners, and there was no objection raised in the trial court as to the title of the party plaintiff.

In an action between a county and a claimant to test the legality of his claim the county auditor is not a necessary party, and he cannot, in a subsequent action of mandamus to compel him to draw a warrant upon the judgment awarded claimant in the prior action, set up the defense that it is not binding upon him for the reason that he was not a party thereto.

The fact that a claimant for salary as a justice of the peace has failed to comply with the provisions of Gen. Stat. §3039 (Bal. Code, §1646), which provide that the auditor shall not draw the salary warrant until the justice shall first have filed the treasu-

rer's duplicate receipt with the auditor, showing that the justice has made the statement and settlement for the month of the fees collected by him, would not excuse the auditor from drawing his warrant in favor of the claimant when his right thereto has been adjudicated by the superior court.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge.  Reversed.

*Cooley & Horan*, for appellant.

*F. M. Headlee*, and *Humes & Lysons*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an application for a writ of mandate brought by the relator in the name of the state against the defendant as county auditor of Snohomish county, to compel the defendant as such county auditor to draw and deliver to relator a warrant upon the salary fund of said county for the sum of $1,932.95.

The petition states the facts.  Its material part is as follows:  After setting up the facts of election and qualification of the relator for the office of justice of the peace in the city of Everett, and that he served as justice during the years of 1895-6, it alleges that during said time, although the city of Everett had more than five thousand inhabitants, such fact was unknown to the relator, and continued to be so unknown during all the time that said relator held said office until the 28th of December, 1896;  that by reason of relator's ignorance of the fact that the said city of Everett had, during said time, more than five thousand inhabitants, said relator was unaware that he was entitled to the salary of one hundred dollars per month, as such justice of the peace, or that he came within the provisions of the statute relating to salaried officers;  that for such reasons he failed to make any claim for salary as such justice of the peace, or to pay into the county treasury any fees collected by

him by virtue of his said office, or to take duplicate receipts as provided by law from the county treasurer. The petition further alleges that, acting in ignorance of said fact, from time to time during his said term of office prior to the said 28th day of December, 1896,. he presented to the board of county commissioners of Snohomish county his claims for fees in criminal cases, which said claims were by said board of county commissioners duly audited and allowed from time to time, and warrants issued to said relator for the respective amounts thereof. And further, that upon the 28th day of December, 1896, and as soon as it came to his knowledge that the said city of Everett had during the times above alleged upwards of five thousand inhabitants, said relator duly presented to said board of county commissioners in and for said county his claim against said county for the balance due him on account of salary as such justice of the peace for the time above mentioned. The county commissioners, after crediting said county upon relator's said claims for all fees which should have been by the relator paid into the county treasurer during said period, and for all payments made by said county to him on account of fees in criminal cases during said period, found the full amount of relator's claim as presented, being the sum of $1,932.95; that thereafter, and upon the 29th day of December, 1896, said board of county commissioners in regular session took up the consideration of said relator's claim and upon said hearing received evidence as to the population of said city of Everett during the times above mentioned, and also as to the correctness of said items of credit to said county in said claims retained for fees received by, and payments made to, said relator, and at said time said board, after such hearing, duly found that during all the times above mentioned, the city of Everett was a municipal corporation of the third class, having more than five thousand inhabitants;

and that thereafter and upon the 2d day of January, 1897, said board of county commissioners fully adjusted said claim, and determined and found that after deducting all amounts properly chargeable to said relator upon his said claim on account of said fees received by, and payments made to, said relator, there still remained due to said relator upon his said claim the full sum of $1,932.95, and in and by said order did direct the above named defendant as county auditor of said county to draw and deliver to said relator a warrant on the salary fund of said county in the full sum of his said claim so audited and allowed as aforesaid, and that said order has ever since been in effect and has never been rescinded or revoked in any manner. The petition further alleges that afterwards for the purpose of avoiding, and with the intent to avoid, the payment of said claim so audited and allowed, the commissioners procured J. H. Naylor, the prosecuting attorney of Snohomish county, to institute an injunctional suit in the superior court of said county to prevent the payment to said relator of said claim, and the issuance to him of said warrant. That, while the suit was in the name of Naylor as said prosecuting attorney, the county was the real party plaintiff. That the object and purpose of said suit was to litigate and determine the right of this relator to the warrant as claimed, and that, although the defendant, the auditor, was named as the defendant in that action, was not served and did not appear at the hearing—that the relator was served and did appear and litigated the issues therein raised. That issue was joined in said cause, and a hearing had upon its merits, and that said cause proceeded to final judgment, and that thereafter and upon the 29th day of March, 1897, it was finally found, adjudicated and determined in said action that this relator had a valid claim against said county in the amount above specified, and that

he was entitled to a warrant of said county therefor. That said judgment has never been appealed from and that the time for appeal therein has long since expired. And sets up the fact that the warrant was duly demanded of the auditor and that he refused to issue the same.

A demurrer was interposed to this petition, which demurrer was sustained by the court. Judgment was entered, dismissing the petition, and from such judgment appeal is taken to this court.

It has lately been decided by this court in *State, ex rel. Banks, v. Board of County Commissioners of Snohomish County, ante,* p. 160, that the bills of justices of the peace of this character should be presented to the county commissioners for allowance. So that it is not necessary to enter into a discussion of that proposition, which is one of the main propositions discussed in this case.

The controlling question left in this case, as we view it, is as to the force and effect of the judgment which is pleaded here. It is insisted by the appellant that it is conclusive, as no appeal has been taken therefrom. On the other hand, it is contended by the respondent that the judgment is void for the reason that the prosecuting attorney had no authority to bring an action for the benefit of the county. The petition, however, alleges that the prosecuting attorney was procured to bring this action by the commissioners for the purpose of deciding the question which is at issue here; and that, while the case was nominally in the name of the prosecuting attorney of Snohomish county, Snohomish county was the real party plaintiff.

Section 85, Code Proc. (Bal. Code, § 4754), provides that

" Prosecuting attorneys are attorneys authorized by law to appear for and represent the state and the counties there-

of in actions and proceedings before the courts and judicial officers."

It seems to us that this would give authority to the prosecuting attorney to bring this action, and there can be no question that he could bring the action by the authority of the board of county commissioners, and the mere fact that the action was in the name of the prosecuting attorney of the county, instead of the county, we do not think is of sufficient weight to render the judgment void, especially as it was not moved against in the trial court. It does appear from the petition, in any event, that the county, through its commissioners, appeared, and was represented in that action. The fact that the respondent, who was the auditor, was not served or did not appear, it seems to us is not important. The real issue was one that was raised between the county represented by the county commissioners and the relator, who did appear and litigated the issues; and the county auditor, who is a mere ministerial officer to carry out the orders made by the board of county commissioners in relation to the issuance of warrants for claims against the county, was in no way a necessary party to that suit. It is stoutly maintained, however, by the respondent that under the provisions of section 3039, 1 Hill's Code (Bal. Code, §1646), the auditor is prohibited from issuing the warrant in a case of this kind. The section is as follows:

" The salaries of the justices of the peace and constables, provided for in this chapter, shall be paid monthly out of the county treasury, and from the same funds out of which other salaried county officers are paid, and it shall be the duty of the county auditor, on the first Monday of each and every month, to draw his warrant upon the county treasurer in favor of each of said justices and constables for the amount of salary due him, under the provisions of this chapter, for the preceding month; *provided,* that the auditor shall not draw his warrant for the salary of any such of-

ficer for any month until the latter first shall have filed his duplicate receipt with the auditor, properly signed by the treasurer, showing that he has made the statement and settlement for that month as required by this chapter."

In the ordinary case of a warrant drawn in favor of the justice of the peace there is no doubt that the position of the auditor would be justified by the law under the provisions of this section, but the facts set up in the petition in this case show that this method was simply impossible here. All questions of this kind, under the findings of the county commissioners when this bill was presented to them, in the absence of proof to the contrary, we must conclude were investigated by that tribunal. And even if such presumption does not attach to the judgment of the board of county commissioners, it must attach to the judgment of the superior court, and the law presumes that the court must have found that the auditor had complied with the provisions of the law as nearly as they could be complied with under the conditions set up in the petition, and all questions of estoppel which are discussed in the brief should have been raised in the superior court, and may have been raised there for aught this court can tell, and have been decided against the contention of the respondent in this case. And, even if we should hold that the order of the board of county commissioners in relation to the issuance of this warrant was not binding upon the auditor, it certainly must be held that the judgment of the superior court was binding and became the law directing him what to do in the premises as fully as though the matter had been adjudicated in this court, and the judgment of the lower court had been affirmed.

It is insisted by the appellant that, if the matter had been adjudicated, it was merged in a judgment and the effect of the judgment was the only thing to determine, and that if the judgment was rendered in a case in which the

county was a party the statute provides an ample remedy for the payment of judgments against corporations, and cites section 674, Code Proc. (Bal. Code, § 5676). But section 674, Code Proc., simply provides for the very remedy which the relator is seeking in this case.

There are some technical objections made by the respondent to the effect that the petition nowhere states that the defendant is county auditor or empowered by law to draw a warrant, but we think that such objections are not meritorious; the auditor can have no personal interest in this case, and we think sufficient was set up in the petition to notify him of the real facts in controversy.

Of course, if there was any collusion or fraud in the obtaining of the judgment, which is so severely criticized by the respondent, that is a matter which could be set up in an answer to the petition. We think, however, that so far as the demurrer is concerned it should have been overruled, and the cause will be reversed with instructions to the lower court to overrule the demurrer to the petition.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.