[No. 2929.  Decided June 16, 1898.]

THE STATE OF WASHINGTON, *on the Relation of H. A. Porter, Appellant,* v. T. E. HEADLEE, *as County Auditor, Respondent.*

COUNTY COMMISSIONERS — ALLOWANCE OF CLAIMS — CONCLUSIVENESS — RES JUDICATA — AUTHORITY OF COUNTY ATTORNEY TO REPRESENT COUNTY — EVIDENCE.

Bills of justices of the peace for salary should be presented to the county commissioners for allowance, and the action of the board in passing thereon is conclusive, in the absence of fraud or mistake.

An order of the county commissioners rescinding the former action of the board, when done at a special meeting and without any notice of the transaction of such business, is illegal and void.

In a mandamus proceeding to compel a county auditor to draw a warrant for the salary of a justice of the peace, the defendant cannot raise the defense that the city in which the justice had jurisdiction had a population less than 5,000 and that the justice had waived his right to salary through failure to pay into the county treasury the fees collected by him, when such questions have already been decided adversely to the county in an injunctional suit brought by the county attorney in his own name, but in the interest of the county, which authorized the proceedings and paid the costs of the action, for the purpose of determining the liability of the county on account of the claim at bar and others of similar nature.

In such an action, in order to establish that the county attorney represented the county in the injunction suit, evidence is admissible showing that when the queston of allowing plaintiff's claim was before the county commissioners one of the board said to the county attorney that the matter was entirely in his hands and that as a member of the board he would do whatever the attorney advised in the matter, which was tacitly assented to by the other members.

Evidence is likewise admissible, in such a case, showing that during the entire trial of the injunction suit two members of the board of county commissioners were present and that the county attorney conferrred with them several times during the progress of the trial.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge.   Reversed.

*T. E. Clohecy,* and *Cooley & Horan,* for appellant.

*J. H. Naylor, T. J. Humes,* and *F. M. Headlee,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an application for a writ of mandamus, brought by the relator in the name of the state against the defendant as county auditor of Snohomish county, to compel the defendant as such county auditor to draw and deliver to relator a warrant issued upon the salary fund of such county in the sum of $1,932.95.  A demurrer was interposed to this petition, which was sustained by the court and judgment of dismissal was entered.  From this judgment an appeal was taken to this court, and the case was decided and reported in 18 Wash. 220 (51 Pac. 369).  The judgment of the lower court was reversed in that case, and the petition was held good on its face.  The court in concluding its opinion in that case said:

" Of course, if there was any collusion or fraud in the obtaining of the judgment, which is so severely criticised by the respondent, that is a matter that could be set up in an answer to the petition."

Upon the return of the case to the lower court, an answer was filed by the auditor, the case was tried and the judgment was against the relator and ordered a dismissal of the action.

It seems to us that, under the answer in this case, the former decision was almost, if not entirely, conclusive of this appeal.  It was decided in the case when it was here before, following the decision in *State ex rel. Banks v. Board of County Com'rs of Snohomish County,* 18 Wash. 160 (51 Pac. 368), that bills of justices of the peace of this

character, should be presented to the county commissioners for allowance. It has been decided in *State ex rel. Sheehan v. Headlee*, 17 Wash. 637 (50 Pac. 493), that the action of the board in passing upon a claim of this kind was of a quasi judicial nature, and that their allowance or rejection of such claims, in the absence of fraud or mistake, was conclusive. The same principle was substantially decided in *Dillon v. Whatcom County*, 12 Wash. 391 (41 Pac. 174), and as we are satisfied with the law as laid down in those cases we will not enter again into a discussion of those propositions.

There are two propositions, either of which, it seems to us, is conclusive of this case in favor of the appellant. It appears from the petition and from the testimony in the case—in fact is not controverted anywhere—that the bill which is the subject of the controversy here was presented to the board of county commissioners and allowed by them. Some objection is made by the respondent to the effect that it does not appear by the records kept by the auditor that this bill was presented to the auditor, but the testimony in this case shows (and we think it was properly allowed) that the bill duly itemized and verified was presented to the board during a regular session, and that the auditor was present at the time acting as clerk of the board. The presentation of the bill to the board must necessarily be the important and essential proceeding which gives jurisdiction, and not the filing of the same with the auditor. When it was presented to the board it was the duty of the auditor to preserve and file it and he, and not the person who presented it, is responsible for its preservation. The answer, however, shows that the allowance of this bill was afterwards reconsidered by the board of county commissioners. The history of the case is as follows:

The bill was allowed on January 8, 1897, just prior to the retirement of the old board of county commissioners.

On February 9th the new board of county commissioners reconsidered the action of the old board in allowing the bill and refused to allow the same. Passing the question of the right of the new board to sit in review of the action of the retiring board, it appears without any contradiction and plainly from the record that the act of rescission was done at a special meeting and without any notice of the transaction of such business. Such being the case, the act of the commissioners in reviewing the former action of the board was unquestionably illegal and void, and the allowance of the bill by the commissioners being valid, under the former rulings of this court, the auditor had nothing to do but to issue the warrant.

Again, it appears that during the pendency of an application for a writ of mandamus upon the 19th of January, a formal demand was made upon the auditor for the issuance of his warrant and also for the issuance of a warrant for relator's December salary, an order for which had been made and entered by the old board on January 8th. Upon the refusal of the auditor to issue either of said warrants, relator sued out an alternative writ of mandamus against the auditor to compel the issuance of the December warrant. After the action of the board in February, the auditor answered, setting up two affirmative defenses. The first was that he had made a careful examination of all the evidence presented to the board in support of the claim, and that from such examination he, the auditor, did not think the relator entitled to such warrant. The second was that, since the allowance of the claim, the commissioners had made an order revoking the same. A demurrer was interposed to this answer by the relator. While the cause was thus pending, the prosecuting attorney, J. H. Naylor, entered into a stipulation with the relator and his attorney to the effect that, if the demurrer in the mandamus proceeding should be sustained, the prosecuting attorney would bring an injunction-

al suit in which the issues to be tried should be, (1) did Everett on November 4, 1894, have a population of over 5,000 inhabitants; and (2) had claimants waived their rights to salary by reason of having failed to do any acts enjoined upon salaried officers. The court afterward sustained the demurrer to the answer, correctly stating the law in his opinion in the following words:

" It is the opinion of the court that the auditor has no authority under the law to question or resist orders made by the commissioners court in matters within their jurisdiction, except where fraud, accident or mistake can be clearly proven. There being no allegation in defendant's answer setting up any of these things he has no right to resist the order made by the commissioners court on January 8, 1897, referred to and admitted in his answer. And it appearing by said answer that the order of said commissioners court made and entered on the  .  .  .  day of February, 1897, purporting to rescind and vacate the former order allowing plaintiff's claim for salary, was made at a subsequent and different term of said court, can furnish him no defense to the former order or writ of mandate sought herein, the attempted revocation being without jurisdiction and void."

Thereupon, under the stipulation, this case was allowed to lie dormant awaiting the action of the prosecuting attorney relative to the bringing of the injunctional suit. Such suit was immediately commenced by the prosecuting attorney in his own name, as such officer, and the board of county commissioners and Headlee as county auditor, York as county treasurer, and this relator, together with three other claimants were named as defendants. The prosecuting attorney, however, did not cause the complaint to be served on any of the defendants except the claimants. Trial was thereupon had and the court decided the issues in favor of the relator, one of the findings of fact being that the city of Everett in said county and state did, upon the 3d day of November, 1894, and up to and including the 11th day

of January, 1897, have a population of more than 5,000 inhabitants;  that the defendants were ignorant of that fact, and for that reason failed to pay into the county treasury of said county the fees claimed by them as justices and constables at the end of each month, as required by law, and for that reason failed to file a receipt therefor with the county auditor showing such monthly payments to said treasurer.  It was found that the defendants had made and filed their claims for balance due them, and that the commissioners duly allowed and adjusted said claims after deducting the amount collected by and chargeable to them as fees for services rendered by them as such individuals. And as conclusion of law found that the defendants had not waived their right to collect the salary due them as officers by reason of their failure to pay into the county treasury the fees collected by or chargeable to them, and to file with the county auditor of said county receipts for such payment from said treasurer.  Thereupon a judgment of dismissal was entered.  No appeal was taken from this judgment, and upon the trial of the cause at bar below the judgment and proceedings of the cause just referred to were offered in evidence.

It must be conceded that, if the county was a party to the injunctional proceeding, it is bound by the judgment in that action, but it is the contention of the respondent that this was an action brought by Naylor as an individual, and that the county was not a party to the same and cannot therefore be bound by the decree;  and such was the view taken by the lower court.  It was held in the former trial of this case that, so far as the petition showed, while the suit was in the name of Naylor as prosecuting attorney, the county was the real party plaintiff.  This of course was denied by the answer, but we do not think the denial was sustained by the testimony.  Circumstances sometimes speak more convincingly than direct allegations or denials by

parties interested.  In the first place, the presumption must be that the suit was instituted for some purpose, and that the prosecuting attorney at least thought that the action was for the benefit of the county of which he was the legal adviser.  The complaint is entitled J. H. Naylor, county attorney, plaintiff, against the board of county commissioners, the auditor, treasurer and the claimants, as defendants. The first allegation of the complaint is that he is the duly elected, qualified and acting county attorney of said county of Snohomish, state of Washington.  The proceedings of the county board in relation to these claims are set forth at length, and an allegation, or rather historical recital, is made that the plaintiff, on or about the 9th day of February, 1897, appeared before the board of county commisioners and requested them to make and enter the order reconsidering the order made January 8th, allowing claims for salaries, and that said order was then revoked;  recited the mandamus proceedings which were pending in the court to compel the auditor to pay the claims;  recited the stipulation which was made between the attorneys for the claimants and the prosecuting attorney as attorney for the county auditor;  recited the fact which shows that he was appearing in the interest of the county, viz., that he was compelled to bring the action to make all of the above defendants parties thereof for the purpose of avoiding a great multiplicity of suits.  In the affidavit the prosecuting attorney swears that he is the duly elected, qualified and acting county attorney of Snohomish county, Washington, and plaintiff herein.  It is impossible to presume that Mr. Naylor was setting forth the fact in all these different instances that he was prosecuting attorney simply as words descriptive of him, and that for such descriptive purposes he thought it was necessary to even make an affidavit that he was the duly elected, qualified and acting prosecuting attorney of Snohomish county.  So that from the record

it appears very plainly that Mr. Naylor at least thought
that he was acting for and in the interest of the county.
This might not be sufficient, however, to bind the county.
But it appears from the testimony in the case that it was
the general understanding not only by the auditor but by
the commissioners that the matter was in the hands of the
prosecuting attorney for settlement. Mr. Clohecy testi-
fied as follows in relation to the presentation of these
claims:

" I first went to the auditor and asked for the warrants
not expecting any difficulty, but my answer was that it was
in the hands of the prosecuting attorney. I then went to
the board of county commisisoners. I asked what was the
trouble about these warrants not being issued and they
answered that it was in the hands of the prosecuting attor-
ney. So then I went to the prosecuting attorney.

Q. Were all the members of the board present at that
time?

A. I think so. I know Mr. Joergensen and Whiting
were sitting behind the table.

Q. Was there any dissent by any member of the board
to that statement?

A. No.

Q. Now, Mr. Clohecy, you heard the testimony of the
auditor with reference to the later order made by the board
relative to these claims?

A. I did.

Q. Were you present before the board on any occasion
prior to the date upon which the record shows this order to
have been made relative to this order?

A. Yes, sir.

Q. Who appeared there and advocated the adoption of
that order?

A. Mr. Naylor, the prosecuting attorney.

Q. This is the resolution rescinding or attempting to
rescind the former action?

A. The rescinding resolution, yes.

Q. On how many different occasions did yourself and

Mr. Naylor appear before the board of county commissioners on that matter?

A. Two afternoons of two or three hours long."

The relator also offered to prove (and we think under the circumstances the testimony should have been admitted as having some weight on the question of whether or not the prosecuting attorney was authorized to act in this matter for the county), that at the time when the argument was finally completed upon the matter of revoking the order allowing the claims, Mr. Whiting, a member of the board, during the session said to Mr. Naylor that the matter of these claims was entirely in his hands and he, as a member of the board, felt that he would do as Mr. Naylor told him to do in the matter, and that this statement was tacitly assented to by the other members of the board. They also offered to prove, which proof was competent, that the deputy county attorney appeared in the case on behalf of the plaintiffs, and that during the entire trial of said cause two of the members of the board of county commissioners were present, and that on several occasions during the progress of the trial the prosecuting attorney conferred with them; and it also appears from the record in this case that the costs of that suit were presented to the board of county commisisoners and that they allowed the same without any dissent and ordered them paid by the issuance of a warrant on the general fund. And it is impossible, in view of the whole record, to escape the conclusion that the action was brought not only in the interest of the county but at the instance and request of the county commissioners; that they ratified the bringing of the action without protest, paid the costs of such action, and that they were the real parties in interest. That being true, the judgment of the court was a complete bar to the defense in this action, no fraud having been alleged in the answer.

The judgment of the court will be reversed and the cause remanded with instructions to grant the permanent writ of mandamus as prayed for.

SCOTT, C. J., and GORDON, ANDERS and REAVIS, JJ., concur.