[No. 3269.  Decided December 14, 1899.]

JOSEPH U. HOEXTER, *Appellant,* v. STEPHEN JUDSON, *as Treasurer of Pierce County, Washington, et al., Respondents.*

COUNTIES—ACTIONS AGAINST—PRESENTMENT OF CLAIMS—TORTS.

No action can be maintained against a county, whether upon a demand arising in tort or upon a claim arising out of contract, unless the same has first been presented to the county commissioners for rejection or allowance, under the provisions of Bal. Code, § 5674, allowing suits against counties; of § 359 requiring presentment of claims to county commissioners before suit; of § 393 requiring "all claims, demands and accounts against the county" to be presented to the county commissioners for their examination and allowance; and of § 342, subd. 6, which makes it the duty of the county commissioners to have the care and management of the county funds and business.

PAYMENT OF TAXES UNDER DURESS—LIABILITY OF TREASURER.

The fact that the county treasurer was joined with the county as plaintiff in an action seeking to enforce the collection of a tax, which was paid by the defendant under duress and compulsion, would not subject the treasurer to personal liability in an action to recover back the money so paid, since, under Bal. Code, § 342, subd. 6, which provides that all actions for and on behalf of the county must be prosecuted in its name by the county commissioners, the treasurer was not a necessary party to the original action and consequently was not chargeable with any duress exercised upon defendant therein.

(GORDON, C. J., dissents.)

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*Pritchard & Haight (P. Tillinghast,* of counsel), for appellant.

*George H. Walker,* Prosecuting Attorney, for respondents.

The opinion of the court was delivered by

FULLERTON, J.—In 1895, one M. Cohen was the owner of a stock of goods then in the city of Tacoma, Pierce county, Washington, which was subject to state, county, and municipal taxation. The property was assessed to Cohen in that year, and a tax levy made thereon amounting to the sum of $188.20. In November, 1895, the property was sold under a judgment of foreclosure, at which sale one Isaac Altman became the purchaser. In the year 1896 the goods were assessed to Altman, and a tax levied thereon in the sum of $98.88. On February 15, 1897, Altman sold and delivered the goods to the appellant, Hoexter, who immediately upon taking possession commenced to box the same as if for the purpose of removal. On the 20th of February, 1897, Pierce county, and Stephen Judson, as treasurer of Pierce county, as plaintiffs, brought an action in the superior court of that county making Isaac Altman, the appellant, and others defendants, in which action it was sought to have the taxes levied against Cohen in 1895, and Altman in 1896, declared a lien upon the goods then in the possession of Hoexter, and the same sold, and the proceeds applied in payment of such taxes. On the filing of the complaint, the court issued a temporary restraining order restraining the appellant, his agents, servants, and employees from removing, or attempting to remove, the goods until the further order of the court. At the same time it appointed a day in which the appellant was required to show cause why the restraining order should not be continued during the pendency of the action, and placed the goods in the hands of a keeper selected by the court pending the hearing on the order to show cause. On the day fixed the appellant appeared and tendered an answer to the order to show cause, in which he admitted his liability for the taxes of 1896 and paid the same into court, but denied liability for the

taxes of 1895, on the ground that his grantor had pur-
chased the stock of goods prior to the time the taxes for
that year could become a lien thereon.   Issue was taken on
this answer, and pending a hearing, and prior to the time
the court had passed upon the question of his liability for
the taxes of 1895, the appellant paid the same, with the
costs of the action, under protest, and gave notice that he
would immediately bring action to recover the same as
money paid under duress and compulsion.   The action
was thereupon dismissed.   The appellant then brought the
present action to recover the amount so paid; on the trial
of which, at the conclusion of plaintiff's testimony, the
respondents moved for a non-suit, which the court granted,
and a judgment for costs and of dismissal in favor of the
respondents was entered.   This appeal is from that judg-
ment.   On the part of the county, the only question pre-
sented here is, was it necessary for the appellant to present
his claim to the board of county commissioners for allow-
ance or rejection before bringing an action thereon?

A county is not a municipal corporation proper, but,
inasmuch as it has certain powers conferred, and duties
and liabilities imposed, upon it by statute, it is termed a
quasi-corporation.   These powers, duties, and liabilities
are, however, wholly of a public nature, and are conferred
and imposed only that it may better subserve the public
interests.   A county is thus merely a part of the state gov-
ernment, and, being so, it partakes of the state's immunity
from liability, and is not liable at common law for the
tortious acts of its officers or agents, whether committed
in its behalf or otherwise.   Hence, the right to bring an
action against a county must be found in the statute, and,
when so found, the right will be enforced by the courts
only when all of the conditions prescribed as precedent to
that right have been complied with.   Turning to the
statute, by § 5674, Bal. Code, it is provided:

"An action may be maintained against a county, . . . . either upon a contract made by such county . . . . in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county."

And, by § 359, the statute, after providing for an appeal from "any decision or order of the board of county commissioners to the superior court," further provides,

" Nothing herein contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county: Provided, That such action be brought within three months after such claim has been acted upon by such board."

It is conceded that the first section cited confers the right of action, and the latter, so far as the ordinary transactions of the county are concerned, requires the presentation of the claim to the county as a condition precedent to the right of action. But it is contended that it does not apply to a liability arising in tort. It is argued that the section has reference only to such claims as come within the jurisdiction of the board of county commissioners to allow; that these, according to subd. 5 of § 342, are "accounts legally chargeable against such county," and that the word "accounts" does not include a tortious liability. Were this subdivision all that appeared on the question in the statute, there would be much force in the contention. But it is not all. In the section above quoted, the word used to describe what must be presented is "claim"; in § 393, it is required that *"all claims, demands and accounts* against the county which by law are chargeable to said county, except such cost or fee bills as are by law to be examined or approved by some other judicial

tribunal or officer, . . . shall be presented to the board of county commissioners for their examination and allowance;" and, by subd. 6 of § 342, it is made the duty of the county commissioners to have the care and management "of the county funds and business." These terms are broad enough to include every species of liability for which a county can be called upon to respond, whether it be a contractual or tortious liability, and we think the statute did not intend to make a distinction between claims arising in tort and those arising out of contract. Such, also, it seems to us, is the conclusion of the better considered cases. *Powder River Cattle Co. v. Custer County,* 9 Mont. 145 (22 Pac. 383); *Maddox v. County of Randolph,* 65 Ga. 216; *McCann v. Sierra County,* 7 Cal. 121; *Barbour County v. Horn,* 41 Ala. 114; *Hohman v. County of Comal,* 34 Tex. 37; *Lawrence County v. City of Brookhaven,* 51 Miss. 68; *Luzerne County v. Day,* 23 Pa. St. 141.

*Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847), is cited in support of the contention of the appellant. That case was an action of damages for personal injuries against a city, and this court held that it was unnecessary to present a demand for the damages claimed to the city council before bringing the action. The reason given was that the "demands" spoken of in the city charter were those arising out of the ordinary transactions of the city, and which may be examined and compared with the vouchers, and "audited," and not those resulting from violations of municipal duties. While this reasoning would seem not to apply to the character of claim sued for in the present action, it being for a sum certain, which could be audited, there is in the authorities a well grounded distinction between the right to sue a county and the right to sue a city. Counties are created by the state for the purposes of government. Their functions are political

and administrative. The powers conferred upon them are rather duties imposed than privileges granted, and are wholly involuntary. Cities, on the other hand, are deemed voluntary corporations, and, while they exercise political functions, it is considered that, their charters are granted not so much with a view to the interests of the public as for the private advantage of their citizens. A right of action exists against a city for injuries arising from the negligent performance of municipal duties, in the absence of a statute conferring the right. Statutes regulating actions against cities are thus limitations on an existing right, and are not usually extended beyond the plain import of the language used. On the contrary, the right to sue a county is a privilege granted by statute, which must be accepted with the conditions imposed on its exercise, and, unless the statute itself clearly points out exceptions to the prescribed conditions, none will be held to have been intended.

It is next contended that, however rightful the judgment may have been as to the county, it was error to grant a non-suit in favor of the county treasurer. It is argued that a tax collector to whom taxes have been paid under compulsion and under protest, and upon notice that suit will be brought to recover them back, is liable in an action to recover them in all cases where the taxes are illegal, or, for any reason, not collectible. Granting this to be true as a general principle, it is not applicable to the facts presented by the record in the present case. The rule applies only where the tax collector wrongfully enforces the collection, and is himself guilty of the acts constituting the duress and compulsion under which the taxes are paid. It has no application where some other person, or body corporate, commits the acts constituting the duress, and the tax collector is, because of his official position, only the

recipient of the money after its payment has been coerced. As was said in *Radich v. Hutchins,* 95 U. S. 210,

"The doctrine established by the authorities is, that 'a payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid.'"

By the statute (subd. 6, § 342), all actions for and on behalf of the county must be prosecuted in the name of the county by the board of county commissioners. No other of the county officers has power or authority to institute an action in the courts for or on behalf of the county, either in the name of the county, or in his own name. While the treasurer is made by the statute the tax collector, the remedy given him to enforce collections is by distraint and sale, and not by an action in the courts. For these reasons the county treasurer was neither a necessary nor proper party to the action which it is alleged constituted the duress under which the taxes sought to be recovered in this action were paid. While it is shown he was named as a party plaintiff in that action, it is not shown whether this was of his own volition, or from an overabundance of caution on the part of the officers who alone had power to institute actions for, and on behalf of, and in the name of, the county. This is not sufficient to make the payment involuntary as to the treasurer. Ordinarily, a payment to the county treasurer is, in this state, but a payment to the county; and before the county treasurer can be compelled, as an individual, to refund money paid to him as treasurer, on the ground of duress, there must be some substantial evidence that he individually caused the duress which coerced the payment, or, at least, participated therein, so as to make him a joint tort feasor in the acts constituting the duress. We find no evidence in the record sufficient to warrant us in holding the treasurer individually liable.

The judgment is affirmed.

DUNBAR and REAVIS, JJ., concur.

GORDON, C. J., dissents.