[No. 6511.   Decided April 15, 1907.]

THE STATE OF WASHINGTON, *on the Relation of B. V. Egbert,*
*Appellant,* v. FRED BLUMBERG, *as Auditor of*
*Skagit County, Respondent.*[1]

COUNTIES—CLAIMS—PRESENTATION—COMPENSATION OF FRUIT IN-
SPECTOR.   Laws 1903, p. 246, providing that the commissioner of
horticulture shall issue his certificate showing the number of days
work performed by county fruit inspectors, who shall thereupon re-
ceive pay at $4 per day from the county, does not obviate the neces-
sity of presenting a claim therefor to the county commissioners for
allowance before the auditor shall draw a warrant, as required by
Bal. Code, § 393, in all cases except for cost and fee bills required
by law to be approved by some other judicial tribunal or officer;
since the exception applies only to courts, and the law of 1903, does
not provide for a warrant by the auditor on the certificate of the
commissioner of horticulture.

[1]Reported in 89 Pac. 708.

SAME—COUNTY OFFICERS — APPOINTMENT — STATUTES — CONSTITU-
TIONALITY. Laws 1903, p. 246, creating the office of county fruit in-
spector, to be appointed by the county commissioners for a term of
two years, violates the mandatory provisions of the Const., art. 1,
§ 29, requiring all county officers to be elected, and is void.

MANDAMUS—DEFENSES—VALIDITY OF STATUTE—COUNTY OFFICERS.
A county auditor required to issue warrants for the payment of
county funds is authorized to inquire whether a law requiring such
payment is valid, and to attack the same for invalidity in mandamus
proceedings brought against him to compel issuance of a warrant.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered April 27, 1905, dismissing an ap-
plication for a writ of mandamus, upon sustaining a demurrer
to the affidavit.    Affirmed.

*Robert McMurchie*, for appellant.
*J. C. Waugh* and *Smith & Brawley*, for respondent.

MOUNT, J.—This action was brought in the lower court for
a writ of mandate against the county auditor of Skagit
county, to require him to issue warrants upon the county
treasurer of that county, payable to the relator, for services
as assistant county fruit inspector. The court sustained a
general demurrer to the affidavit for the writ. Relator elected
to stand upon the allegations thereof, and the action was dis-
missed. Relator appeals.

The affidavit for the writ alleges, in substance, the ap-
pointment of the relator as assistant county fruit inspector;
that he discharged the duties of that office for the months of
November and December, 1904, and January, 1905; that the
commissioner of horticulture allowed relator's claim for salary
during said months, and issued to him certificates therefor as
required by law; that such certificates were presented to the
county auditor with a demand for warrants in payment
thereof, but the auditor refused, and still refuses, to issue
such warrants. There is no allegation that the claim for
services or salary was ever presented to the county commis-
sioners for approval or allowance, and respondent contends

that the affidavit was insufficient for that reason. The act of 1903, Laws 1903, page 246, § 4, provides for the payment of services of the county fruit inspector as follows:

"Said county inspectors shall be entitled to a per diem of $4.00 per day and actual expenses for each day's actual service, to be paid by the county in which said inspector is appointed. . . . In order to furnish to the office of commissioner of horticulture information regarding the condition of orchards throughout the state, and to determine the compensation of such county inspectors, they shall make monthly reports to the commissioner of horticulture under oath upon blanks furnished by said commissioner and said commissioner of horticulture shall issue a certificate showing the number of days' work performed in each month, upon which the county inspector shall receive payment from the county in which inspection has been made: *Provided*, That monthly reports shall not be conclusive evidence of the number of days' work any county inspector has performed in any month."

The act does not provide that the auditor shall draw his warrant upon the certificate of the commissioner of horticulture. The statute in relation to the duties of county auditor provides:

"He shall audit all claims, demands and accounts against the county which by law are chargeable to said county, except such cost or fee bills as are by law to be examined or approved by some other judicial tribunal or officer. Such claims as it is his duty to audit shall be presented to the board of county commissioners for their examination and allowance. For claims allowed by the county commissioners, as also for cost bills and other lawful claims duly approved by the competent tribunal designated by law for their allowance, he shall draw a warrant on the county treasurer." Bal. Code, § 393 (P. C. § 4060).

The statute relating to the duties of county commissioners provides that:

"The several boards of county commissioners are authorized and required,— . . . 5. To allow all accounts legally chargeable against such county not otherwise provided for. . . . "Bal. Code, § 342 (P. C. § 4098).

Appellant contends that, because the commissioner of horticulture is required to issue a certificate to the county inspector showing the number of days' work performed in each month, on which the county inspector shall receive payment, the commissioner of horticulture is thereby created an officer for the allowance of claims of this kind, and that the auditor must draw a warrant upon presentation of the certificate without any action by the board of county commissioners. The words "the competent tribunal" in § 393 clearly refer to the judicial tribunal or officer as used in the same section, and mean a court or judge. While we have no doubt that the legislature, if it had seen fit to do so, could have required the county treasurer to issue warrants upon the certificates of the commissioner of horticulture, it has not done so. Section 4 of the statute in relation to horticulture goes no further than to provide that the county shall pay for the number of days certified. In the absence of a provision to the contrary, such claims must be audited, allowed, and paid as other claims against the county. Under similar cases in this court, there can be no doubt that it was the duty of the relator to present his claim to the county auditor in the regular way to be allowed by the county commissioners. *State ex rel. Banks v. Board of Comr's*, 18 Wash. 160, 51 Pac. 368; *State ex rel. Porter v. Headlee*, 19 Wash. 477, 53 Pac. 948. For this reason the affidavit failed to state a cause for the issuance of the writ of mandamus against the respondent.

Another and more serious objection to the application is urged by respondent, viz., that the act is void in so far as it attempts to create the office of county fruit inspector, because the act makes the officer appointive in violation of § 5, art. XI, of the constitution. This question goes to the right of the relator to recover against the county at all, and is fully and fairly presented, and we shall therefore consider it. The section of the constitution referred to, provides:

"The legislature, by general and uniform laws, shall provide for the election in the several counties of boards of

18—46 wash.

county commissioners, sheriffs, county clerks, treasurers, prosecuting attorneys, and other county, township, or precinct and district officers, as public convenience may require, and shall prescribe their duties and fix their term of office."

This provision of the constitution is mandatory. Const., art. I, § 29. It is plain and unambiguous. It requires all county officers to be elected. *Nelson v. Troy*, 11 Wash. 435, 39 Pac. 974; *State ex rel. Griffith v. Newland*, 37 Wash. 428, 79 Pac. 983. Section 4 of the horticultural act above referred to clearly attempts to create the office of county fruit inspector. It fixes the term of office of such officer at two years, and the salary of the officer at $4 per day. It also provides for the appointment of the officer by the board of county commissioners, not temporarily but continually. It is apparent that the legislature did not intend to make the office elective at all. The provision of the act relating to county fruit inspector was, therefore, opposed to the provisions of the constitution cited and is void. It follows, if there was no legal principal county fruit inspector, there could be no assistant.

But it is claimed by appellant that the respondent, being a mere ministerial officer, cannot attack the validity of the statute. A number of authorities are cited to that effect. But we are of the opinion that, in a case like this, where the officer is required to pay out trust funds, he is authorized to inquire whether a law requiring such payment is valid; and it is his duty to defend actions of this kind where the act appears to be opposed to the constitution and therefore void. 19 Am. & Eng. Ency. Law (2d ed.), p. 764, and cases cited.

The judgment of the trial court must therefore be affirmed.

HADLEY, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.