[No. 19563. Department One. January 25, 1926.]

OLD NATIONAL BANK OF SPOKANE, *Appellant*, v. LEWIS
COUNTY, *Cross-Appellant*, MARYLAND CASUALTY
COMPANY et al., *Respondents*.[1]

[1] COUNTIES (46)—CONTRACTOR'S BONDS—COMPLIANCE WITH STAT-
UTE. A bond, conditioned to save a county harmless from any
claim or liability arising from a contract for public work, is
not a compliance with Rem. Comp. Stat., § 1159, requiring a bond
conditioned to pay all laborers and persons furnishing supplies
to the contractor; and renders the county liable to all such per-
sons, as provided by Id., § 1160, in case the required bond is not
given; and it is no excuse that the county, in good faith and
on legal advice, thought the bond given was a compliance with
the law.

[2] SAME (88)—CLAIMS — NECESSITY OF PRESENTATION— CLAIMS OF
LABORERS. It is a condition precedent to action against a county
that there be a presentation to the county commissioners of
claims by laborers and materialmen for labor and supplies fur-
nished to a contractor on public works, for which the county
has rendered itself liable under Rem. Comp. Stat., § 1160, by
failing to take a bond from the contractor for their protection.

[3] SAME (88)—CLAIMS AGAINST COUNTY—SUFFICIENCY OF PRESENTA-
TION. Claims of materialmen and laborers, filed with the county
auditor against a contractor's bond which did not comply with
the law, and rendered the county liable to the claimants, are
not valid as claims presented against the county.

[4] SAME (88) — NATURE OF CLAIMS TO BE PRESENTED — EFFECT OF
STATUTORY LIABILITY. Rem. Comp. Stat., § 1161, providing that
a county shall be liable to laborers and materialmen furnishing
labor or supplies to a contractor on public work, if the county
fails to exact a bond for their protection, does not render the
county absolutely liable or dispense with the necessity of pre-
senting claims to the county commissioners for allowance or
rejection.

[5] SAME (88)—NATURE OF CLAIMS TO BE PRESENTED—CLAIMS EX CON-
TRACTU. Claims against a county must be presented to the
county commissioners for allowance, whether they arise *ex con-
tractu* or *ex delicto*.

[1]Reported in 242 Pac. 961.

[6] SAME (88)—CLAIMS—NECESSITY FOR PRESENTATION—EXCUSES—
CLAIMANTS MADE PARTIES TO SUIT. The fact that a county, hold-
ing a fund due on a public contract, brings the labor and ma-
terial claimants into a suit brought by the contractor, does not
excuse the claimants from presenting their claims against the
county, as a prerequisite to obtaining judgment against the
county on account of its failure to exact a statutory bond from
the contractor.

[7] SAME (91)—CLAIMS—ALLOWANCE—REVIEW—EVIDENCE. A claim-
ant's evidence as to the reasonable value of the services sup-
ports findings and a judgment against a county therefor, where
there was no evidence on the part of the county except as to
the nature of the services performed.

[8] APPEAL (425)—HARMLESS ERROR — PREJUDICE TO SUBSTANTIAL
RIGHTS. An inconsequential over-allowance of interest is not
ground for reversal of the judgment.

Cross-appeals from a judgment of the superior court
for Lewis county, Reynolds, J., entered February 16,
1925, upon findings in favor of intervening claimants,
upon a contract bond, dismissing an action on contract
tried on the merits to the court. Affirmed as to claim-
ants Naughton and Shelton; reversed as to other claim-
ants.

*Don G. Abel* and *J. H. Jahnke*, for appellant Lewis
county.

*A. E. Rice*, for respondents Naughton and Shelton.

*Roberts & Skeel*, for respondent Maryland Casualty
Company.

*Cosgrove & Terhune, Dysart & Ellsbury, Forney &
Ponder, Harmon & Keys, Paul S. Dubuar, O. A.
Tucker, W. E. Bishop*, and *Hull & Murray*, for respond-
ents.

FULLERTON, J.—The county of Lewis entered into a
contract with one Graves by the terms of which the
latter agreed to furnish all of the necessary labor and
material, and construct a bridge for the county. The
contract was in the usual form in such cases, and,

among other things, provided that the contractor should furnish a bond conditioned, as the statute requires, to pay for all labor, material and supplies furnished the contractor in the prosecution of the work. Graves furnished a bond with the Maryland Casualty Company as surety, which the county officials accepted as a compliance with the statute. He entered upon the performance of the work, but, later on, defaulted in performance and abandoned the work, leaving unpaid a large indebtedness to laborers, materialmen and those furnishing supplies. These persons filed claims against the bond, and subsequently began an action to enforce their claims. The surety defended on the ground that the bond furnished was not the statutory bond, that it did not obligate the surety to answer for the contractor's defaults, but was conditioned to indemnify the county against loss or damage arising from the contractor's default, and that the claimants had no right of recovery thereon. This defense the trial court sustained and dismissed the action, and its ruling was affirmed by this court. *Wallace Equipment Co. v. Graves,* 132 Wash. 141, 231 Pac. 458.

The contract entered into between the county and Graves provided for partial payments to Graves during the progress of the work, to be determined as to the amount from estimates made at stated times by the engineer engaged to supervise the work. On entering into the contract, Graves, as a consideration for advancements made and to be made to him by the Old National Bank, of Spokane, assigned these estimates to that bank. The first three of these were paid by the county to the bank; but, at the time of the contractor's default, there was a fourth due in the sum of $7,183.20, which had not been paid. The bank made claim to the sum and demanded it of the county. The county refused

to recognize its claim, whereupon the bank brought the present action to recover the sum claimed. In its complaint it named the county as the sole defendant. The county, on its appearance in the action, moved the court to require the plaintiff to make parties defendant to the action the contractor Graves, his bondsman, and those claiming liens against the bond, and require them to disclose what claim they had to the fund sought to be recovered by the bank. The motion was granted by the court, and the plaintiff thereupon made them parties.

The contractor Graves did not appear in the action. The surety appeared and filed an answer disclaiming interest in the controversy. The persons having claims against the contractor also appeared and answered. At that time, the cause in this court first mentioned had been determined, and the claimants by cross-complaints sought to charge the county with liability. The county, by its answer, put in issue the claimed right of the bank to the assigned fund, and, by replies to the various cross-complaints of the claimants, put in issue its asserted liability to answer for their claims. On the issues framed, a trial was had resulting in a judgment and decree on the issues between the plaintiff, Old National Bank, and the defendants, to the effect that the plaintiff take nothing by its action, and that the county have judgment against it for its costs. With reference to the surety, no recovery was awarded against it, and it was allowed costs against the plaintiff. On the issues between the county and the claimants furnishing labor, material, and supplies to the contractor, judgment was allowed against the county for the amount of the several claims. There are other provisions in the decree relative to the collateral rights of the parties, but, as no question is made concerning them, they need not be further noticed.

Both the plaintiff, Old National Bank, and the defendant county appealed. Prior to the time the appeals were perfected in this court, however, the plaintiff dismissed by its appeal, leaving the appeal standing on the part of the county only.

The statute (Rem. Comp. Stat., § 1159) provides that, whenever the board of county commissioners of any county shall contract with any person to do work for the county, they shall require the person with whom the contract is made to execute and deliver to the county auditor a good and sufficient bond, with two or more sureties, or with a surety company as surety, conditioned that such person shall faithfully perform all of the provisions of the contract, and shall pay all laborers, mechanics, materialmen, and persons furnishing supplies to such contractor necessary for the prosecution of the work. By another section (Ib. § 1161), it is provided that the bond shall run in the name of the state of Washington, shall be in an amount equal to the contract price, and that any of the persons mentioned in the first cited section shall have a right of action on such bond, in their own names, for labor, material and supplies furnished the contractor. It is further provided that, to perfect the right of action, the person furnishing the labor, material or supplies, shall file with the board, within thirty days after the work has been accepted, a claim in a prescribed form. By § 1160, it is provided:

"If any board of county commissioners of any county, or mayor and common council of any incorporated city or town, or tribunal transacting the business of any municipal corporation shall fail to take such bond as herein required, such county, incorporated city or town, or other municipal corporation, shall be liable to the persons mentioned in section 1159, to the full extent and for the full amount of all such debts so contracted by such contractor."

[1]   It is the first contention of the county that it is not liable in this instance, because its board did take a bond from the contractor, acting in good faith and on the advice of its legal counsel, believing it was such a bond as the statute requires.  But the statute is plain and unambiguous.  Its purpose and intent are to provide for the payment of laborers, materialmen and supplymen, who shall furnish labor, material or supplies used in the prosecution of a public work; and a county, to relieve itself of the obligation, must exact a bond on which these persons may have a right of action. The bond exacted in this instance was not such a bond. It was conditioned only to save the county harmless from any claim or liability arising out of the contract, and no action could be maintained thereon by any of the persons the statute was designed to protect.  Indeed, this was the very question presented in the case of *Wallace Equipment Co. v. Graves,* above cited.  It may be, as counsel for the county argue, that the county would not be liable, if it exacted a bond good at the time it was taken, but which subsequently became worthless because of the insolvency of the surety, or if the bond taken became lost or destroyed, through no fault of the county or its officers, and could not for that reason be proven; but these are not conditions presented here, and to give assent to them does not argue in favor of the non-liability of the county on the facts as here presented.  To relieve itself of the liability the statute imposes, the county must exact the bond the statute requires.  Mistakes made in good faith, belief that it has exacted the bond required, or any other circumstance short of compliance, will not have that effect.  As we held in *Gate City Lumber Co. v. Montesano,* 60 Wash. 586, 111 Pac. 799, the liability of the county is absolute, if it fails to exact the bond prescribed by the statute.

[2]  The second contention is, that the claims on which recovery was allowed are claims which must be presented to the board of county commissioners for allowance or rejection before a recovery can be had thereon, and that these claims were not so presented. The statutes of this state have vested in a board of county commissioners the care of the county property and the management of the county funds and business, and have made it their duty to audit and allow all accounts legally chargeable against the county. (Rem. Comp. Stat., § 4056.)  To this general power and authority, there are certain exceptions with reference to expenses connected with the administration of justice, such as cost bills, fees of the official court reporter, and the expenses of a judge called to hold court in a county other than the county of his election.  For these the auditor may draw warrants on the county treasurer, on the certificate of the judge of the superior court. (Ib. §§ 30, 42-3, 508, 4086.)  But for all claims against the county, other than those specially excepted, it is made by statute a condition to a right of action thereon that they shall be presented to the board of county commissioners for allowance or rejection.  (Ib. §§ 4076, 4077, 4086.)  This has been our uniform holding; some of the cases bearing on the question being the following: *Collins v. King County,* 1 Wash. Terr. 416; *Eureka Sandstone Co. v. Pierce County,* 8 Wash. 236, 35 Pac. 1081; *State ex rel. Banks v. Board of County Commissioners of Snohomish County,* 18 Wash. 160, 51 Pac. 368; *State ex rel. Porter v. Headlee,* 18 Wash. 220, 51 Pac. 369; *State ex rel. Porter v. Headlee,* 19 Wash. 477, 53 Pac. 948; *Hoexter v. Judson,* 21 Wash. 646, 59 Pac. 498; *State ex rel. Egbert v. Blumberg,* 46 Wash. 270, 89 Pac. 708; *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Kiser v. Douglas County,*

70 Wash. 242, 126 Pac. 622, Ann. Cas. 1914B 721, 41 L. R. A. (N. S.) 1066; *State ex rel. Beach v. Olsen,* 91 Wash. 56, 157 Pac. 34; *Bullock v. Yakima Valley Transp. Co.,* 108 Wash. 413, 184 Pac. 641, 187 Pac. 410; *Hanford v. King County,* 112 Wash. 659, 192 Pac. 1013.

That the claims here in question are claims which, under usual conditions, must be presented to the board of county commissioners for allowance or rejection, as a condition precedent to the maintenance of an action thereon, can hardly admit of doubt, and unless these claims were so presented, or there is some special reason excusing presentation, the failure to present them is fatal to a recovery thereon.

The claimants have offered a number of reasons thought to sustain a recovery, and these we will notice in their order.

[3] The first is that there was here a presentation of the claims to the county. The contention is founded on the fact that claims were filed with the county auditor as claims against the bond. But this we cannot think sufficient. The claims (with two exceptions presently to be specially noticed) gave no notice to the county that the claimants were looking to it for a satisfaction of their claims. No one, then, seems to have thought that they were claims against the county, and the county commissioners neither acted upon, nor were they requested to act upon them as such claims. They were neither in substance nor form claims against the county, but, on the contrary, were claims in form that prescribed by § 1161 of the code cited as claims against a contractor's bond. A claim against a county, to be validly presented, must be presented as such a claim, and plainly, we think, it would be contrary to the expressed purpose and intent of the parties, and an injustice to the county, to hold these to be such.

[4]  The next reason is, that the statute in direct and positive terms makes the liability of the county absolute, rendering presentation a useless and hence an idle act, and there is no reason requiring a presentation.  But the argument is not tenable.  In the first place, the liability of the contractor and the liability of the county are not the same.  The contractor is liable according to the terms of his contract.  If his necessities or his negligence cause him to overbid the current or reasonable prices for the labor, materials and supplies furnished him, he is nevertheless bound, and must pay the price he agreed to pay.  But the county is not so bound.  It is liable only for the reasonable value of the labor, materials or supplies furnished. *Hambach v. Ward,* 69 Wash. 351, 125 Pac. 140.  This being the rule, there is a reason why the claims should be presented to the commissioners before suit; the commissioners should have the opportunity to examine the claims, and tender such sum in satisfaction as they find to be due, before being subjected to the annoyance and expense of an action.  But more than this, the statute declares a rule of policy, and, it having so declared, the courts are not at liberty to ignore it, however much they may be persuaded in the particular case that it is a useless ceremony.  The particular question has possibly not been heretofore determined by us, but an examination of the cases cited will show a number of instances in which we have held the statute applicable, where the statute was as equally positive in declaring the liability of the municipality as it is in this instance.

[5]  Another reason urged is that these are claims founded upon contract, and as such need not be presented as a condition precedent to an action.  A number of cases are cited in which it is contended that we have so held.  The cases cited will be found referred to and

commented upon in *Johnson v. Endicott,* 123 Wash. 1, 211 Pac. 717. But an examination of them will show that they are actions against cities or towns, not actions against counties, and the same rule does not obtain in the one instance that obtains in the other. It is only claims arising in tort, or claims for damages arising out of a breach of contract, that must be presented to cities and towns as a condition precedent to an action, while the statute requires all claims, whether arising *ex delictu* or *ex contractu,* to be presented to counties as a prerequisite to such rights. *Hoexter v. Judson,* 21 Wash. 646, 59 Pac. 498.

[6] Another reason is that the statute does not apply to the situation of the claimants in this instance, because they have instituted no action against the county, but, on the contrary, were brought into the action on the motion of the county, and could for that reason set up their claims against the county. But, if it be the rule that the claimants could set up any claim they have against the county, had the county sued them demanding affirmative relief, the claimants are not in that situation. It will be remembered that the present action was instituted by the Old National Bank, of Spokane, and not by the county. The county held a fund, ostensibly earned by the contractor, which had been assigned by the contractor to the bank, and the action was against the county, as the sole defendant, to recover the fund. The county, while it made no claim to the fund itself, contended that the fund, notwithstanding the assignment, was payable to the claimants who were creditors of the contractor. It stood in the position of one holding a fund in which it had no interest, but which is claimed by different claimants, and it caused the claimants to be brought in, that they might take upon themselves the burden of establishing their rights and relieve it of that burden. This it had the

right to do, both under the statutes and under the general rules of procedure governing in such cases. But, in so doing, it did not itself sue the claimants. It demanded no relief against them. It but gave them the opportunity to enforce their rights against the plaintiff, the other claimant of the fund. So, we repeat, if the rule contended for is applicable in a case where the county sues, it is not applicable to this situation.

It must follow, we think, that the affirmative relief, sought by each of the several claimants, was in the nature of an independent action against the county; an action in which the claimant sought to hold the county liable for a dereliction committed by the county. In such a proceeding, the claimant must have a cause of action against the county which he can maintain as an independent cause of action; and, since it is a prerequisite to such a cause of action that the claim on which it is founded must be presented to the board of county commissioners of the county for allowance or rejection, and since neither of the claimants in this instance did so present his claim, his cause of action, in so far as recovery against the county is sought, must fail.

[7] As we have before noted, two of the claimants did present their claims to the board of county commissioners. As to these two, the county concedes that they may recover against it. It contends, however, that the amount of the recovery allowed them by the court was too large. But we do not find that the contention is supported by the evidence. There is no dispute as to the time put in by the claimants, the claim being that the amount allowed by the court overpays them for a part of such time. It is true, as the county contends, the claimants can recover only the reasonable value of their services, but the only evidence we find in the record, as to such reasonable value, is that of the claim-

ants, which supports their claim.   There is no evidence on the part of the county, save as to the nature of the services performed; nothing as to the value of the services performed.   As this value is not a matter of which the court may take judicial knowledge, the allowance must be affirmed.

[8]   Another contention is that an over-allowance of interest was made on the claim.   But this, if it be the fact, is so far inconsequential as not to warrant correction.

As to all of the claimants, with the exception of claimants Naughton and Shelton, the judgment appealed from is reversed, with instructions to set aside the judgments against the county entered upon their cross-complaints.   As to Naughton and Shelton, the judgment is affirmed.   Neither of the parties to the proceeding will recover costs in this court.   As to the costs incurred in the trial court, that court may apportion them in such manner as it deems equitable.

TOLMAN, C. J., HOLCOMB, and PARKER, JJ., concur.