[No. 6821.   Decided April 22, 1908.]

K. W. SHAFFORD, *Appellant*, v. J. M. BROWN et al., *Respondents.*[1]

AGRICULTURE—DESTRUCTION—INFECTED FRUIT—DAMAGES—LIABILITY—DEFENSES—STATUTES. In an action for damages for the destruction of fruit, an affirmative defense that the same was infected and its destruction necessary, and that it was condemned by defendant B., a county fruit inspector, and on appeal to the defendant H., the state commissioner of horticulture, the fruit was found infected and destroyed, is good as against a demurrer, although the law creating county fruit inspectors was unconstitutional; since the demurrer admits the infection and worthlessness of the fruit.

Appeal from a judgment of the superior court for Yakima county, Rigg, J., entered March 2, 1907, upon overruling a

[1]Reported in 95 Pac. 270.

demurrer to the answer, dismissing an action for damages for the destruction of infected fruit. Affirmed.

*Fred Parker*, for appellant.

*The Attorney General, A. J. Falknor, Assistant*, and *R. G. Sharpe*, for respondents.

CROW, J.—This was an action by plaintiff to recover damages for apples destroyed by defendants while assuming to act as county fruit inspector and state commissioner of horticulture, respectively. From a judgment of dismissal, plaintiff appeals.

In their answer respondents alleged as an affirmative defense that the apples destroyed were infected with pests injurious to the fruit interests of the state, and that the only way to avoid such injury was to destroy the infected apples; that respondent Brown, assuming to act as county fruit inspector, ordered the owners of the apples to destroy the same; that said owners appealed from Brown's decision to respondent Huntley as state commissioner of horticulture; that the latter immediately heard the appeal upon the merits and made a personal inspection of the fruit, and sustained the decision of Brown, and thereupon destroyed the infected apples. A demurrer was interposed to this defense, but was overruled by the trial court. Appellant then replied simply with a general denial of the allegations of the affirmative defense.

No statement of facts or findings have been brought to this court. The only question presented is as to the ruling of the court upon the demurrer.

This court, in the case of *State ex rel. Egbert v. Blumberg*, 46 Wash. 270, 89 Pac. 708, held that part of the act of 1903 (Laws 1903, p. 246, ch. 133), which assumed to create the office of county fruit inspector to be unconstitutional and void. By reason of this, appellant contends that the action of respondents in condemning and destroying this fruit was a trespass for which they must respond in damages to

him as successor in interest to the then owners. This conten-
tion cannot be upheld. Respondent Brown was acting in
good faith under a statute of the legislature. He doubtless
supposed it to be a valid statute. The owners of the fruit
evidently supposed the same. They recognized Brown as
county fruit inspector by appealing from his decision to the
state commissioner of horticulture. There is no question
about respondent Huntley being such commissioner and au-
thorized to perform the functions of that office. Upon a
personal examination of the fruit, he found it infected. The
affirmative defense alleged that the fruit was infected, and
there is nothing to show that it was of any value. The judg-
ment of the trial court is conclusive against appellant upon
all of the material facts. The material allegations of the
affirmative defense, for the purposes of the demurrer, must be
assumed to be true. These recited that the fruit was infected
and its destruction necessary. Assuming this to be true, the
owners suffered no loss for which they could maintain an
action. We think the demurrer was properly overruled.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., con-
cur.