[No. 3717.   Decided May 2, 1901.]

THE STATE OF WASHINGTON OF THE RELATION OF T. N. HENRY, *Respondent,* v. JOHN MACDONALD *et ux., Appellants.*

SCHOOLS — COMPULSORY EDUCATION — REFUSAL TO PLACE CHILD IN SCHOOL — CONTEMPT OF COURT.

Under the school law of 1897, as amended in 1899, which provides that it shall be the duty of parents and guardians of children between the ages of eight and fifteen years to send them to school at least three months in each year; that any parent

or guardian who, after notification by the county superintend-
ent, refuses or neglects to send such child to school, shall, upon
complaint of such superintendent, be summoned before the judge,
who shall have power to issue an order commanding the parents
to place the child in school, or appear before him and show
cause for refusal so to do; and that any person summoned before
a superior judge to answer why he has not kept such child
in school, who fails to give satisfactory cause for refusal to com-
ply with the law relating to school attendance, shall be guilty
of a misdemeanor and fined; no authority is vested in the su-
perior judge to adjudge such parent or guardian guilty of con-
tempt for failure to comply with an order to place a child in
school, since the only penalty the statute imposes is to declare
the offense a misdemeanor punishable by fine.

SAME — PENALTY — NOT EMBRACED IN TITLE OF ACT.

Under § 19, art. 2, which provides that no bill for an act of
the legislature shall embrace more than one subject, which must
be expressed in the title, a section in the school law defining a
misdemeanor and providing for its punishment is illegally em-
braced within an act entitled "an act to establish a general and
uniform system of public schools in the state of Washington."

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge. Reversed.

*Charles D. King,* for appellants.

*George H. Funk,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Upon the complaint of the county school
superintendent, citation was issued from the superior court
of Thurston county to appellants, Macdonald and wife, to
show cause why they did not send their three minor chil-
dren to the common school in the district in which appel-
lants resided, and also commanding appellants to bring the
three children into court for examination as to their pro-
ficiency in the course of education prescribed in the com-
mon schools. Thereafter, upon hearing, an examination
was had of the proficiency of the children and of the reason

of the parents for not sending them to school, and the court peremptorily ordered appellants to send the children to the school in session in the district. Thereafter, upon failure of the appellants to comply with such order, they were held as for a contempt and punished by a fine of $20 each; and the order directed that, in default of the payment of such fine, the appellants should stand committed to the custody of the sheriff of Thurston county until such fine be paid or they discharged in pursuance of law. The court also entered a judgment against defendants for the costs of the entire proceedings. These proceedings were taken under § 71, 171 and 177, of the school law, as amended by § 25 of the act of March 15, 1899. The principal act is entitled, "An act to establish a general, uniform system of public schools in the state of Washington, and repealing" various school laws theretofore existing, approved March 19, 1897 (Laws 1897, p. 356). Section 71 of the principal act (Laws 1897, p. 385) imposes the duty on all parents, guardians and other persons having immediate custody of any child or children between the ages of eight and fifteen years to send them to school at least three months in each year. Section 171 of the principal act (Laws 1897, p. 424), declares, in substance, that any person summoned before a superior judge to answer why he has not kept children under his care in school as provided in the law relating to school attendance, and failing to give satisfactory cause for his refusal to comply with the law, shall be guilty of a misdemeanor and fined in the sum of not less than ten nor more than twenty-five dollars for each offense. Section 177 of the principal act, as amended in 1899 (Laws 1899, p. 324), declares that any parent or guardian who, after being notified by the county school superintendent of the provisions of the law, shall further refuse or neglect to send such child to school, shall,

upon complaint of the superintendent, be summoned before the judge, who shall have power, if the child be under the care of a parent or parents, to summon the child or children and parents before him, and, if he shall find upon inquiry that the child has not already attained a reasonable proficiency in the common-school branches for the first eight years of study in the common schools, the judge shall issue an order commanding the parent or parents to place the child in school, or appear before him and show cause for the neglect or refusal so to do.

The only question deemed material here is the power of the judge or court to inflict the judgment for contempt which was entered against appellants. The three sections mentioned are all from the general school law that seem pertinent to the inquiry. These sections, taken together, are somewhat vague in their meaning, and it is difficult to determine the intention of the legislature. They are found, as arranged in the act, numbered widely apart, but evidently all relate to the same subject matter, viz., the compulsory education of children where for any cause such education is neglected. Section 71 imposes the duty primarily upon the parents, guardians, and other persons having immediate custody of the children. Section 171 provides that any one summoned before the superior judge who does not show satisfactory cause for refusal or neglect to comply with the duty imposed by the law shall be guilty of a misdemeanor and punished for each offense in a sum of not less than ten nor more than twenty-five dollars. Section 177, as amended, should logically precede in its order § 171, because § 177 declares the procedure by which any one having the custody of a child, and who does not comply with the school law, shall be brought before the judge of the superior court for an examination and hearing, and prescribes further that the

judge, if the answer be unsatisfactory, shall command the person to place the child in school; but the penalty for the violation of the order of the judge is clearly prescribed in § 171; that is, such violation of duty is denounced as a misdemeanor. It is evident the intention of the legislature was to enforce the duty imposed upon a person having the custody of the child to comply with the law by the penalty prescribed in § 171, and no power is specifically given to the judge of the superior court to punish the violation of the order authorized in § 177 by contempt. It may be safely assumed that no such power to punish by contempt exists at common law, and the statute does not attempt to give such authority. But the vice of § 171 is that it is not, and cannot be, included within the title of the act. As will be observed, the title is, "An act to establish a general and uniform system of public schools in the state of Washington," etc. Section 19, art. 2, of the constitution declares: "No bill shall embrace more than one subject, and that shall be expressed in the title." It is apparent that a crime cannot be defined and punished under the above title to the school law. *Percival v. Cowychee Irrigation, etc., District,* 15 Wash. 480 (46 Pac. 1035).

We are unable to find any authority in law for the imposition of the judgment of contempt. The judgment is reversed, with direction to dismiss the proceeding.

DUNBAR, FULLERTON, ANDERS and WHITE, JJ., concur.