[No. 5099.   Decided March 10, 1905.]

THE STATE OF WASHINGTON *on the Relation of W. C. Griffith, Appellant,* v. A. S. NEWLAND, *Respondc nt.*[1]

COUNTY OFFICERS—HIGHWAYS—ROAD SUPERVISORS — A ?POINT-MENT BY COUNTY COMMISSIONERS—CONSTITUTIONAL LAW- -DELE-GATION OF LEGISLATIVE AUTHORITY. Road supervisors, with duties defined by, and compensation and time of service fixed ɔy the county commissioners, who have the general supervisio ı over roads, are mere employees or deputies of the commissione: s, and not county officers within Const., art. 11, § 5, requirirg the legislature to provide for their election, and Laws 1903, ɔ. 223, §§ 12, 13, authorizing the commissioners to appoint such super-visors, is not an unlawful delegation of legislative authorit; or in conflict with said provision of the constitution.

SAME—CLASS LEGISLATION—SPECIAL⁻ PRIVILEGES.   Laws 1903, p. 223, providing that the county commissioners may appoi ɔt the ɪoad supervisors from among the qualified electors of the state, is not unconstitutional as granting special privileges or in muni-ties to any citizen or class of citizens in violation of Cons ., art. 1, § 12, since the law places upon the same terms all pers ɔns in the designated class.

SAME—STATUTES—TITLE OF ACT—CONFLICT IN LAWS.   Th ɔ title to the act providing for the levy of road and poll taxes, aɪ.d for road districts and the appointment of supervisors thereof    Laws 1903, p. 223), being sufficient to authorize such appointmen ts, an objection that it is insufficient to embrace the repeal of f ɔrmer laws providing for the election of supervisors, is immateria] upon the question of the validity of an appointment, since tl e ap-pointment could be made if the former law was not repeale ɪ.

Appeal from a judgment of the superior court for A lams county, Neal, J., entered February 3, 1904, dismiss ng a

[1]Reported in 79 Pac. 983.

proceeding in *quo warranto,* upon sustaining a demurrer to the petition. Affirmed.

*Zent, Lovell & Linn,* for appellant, contended, among other things, that the road supervisors are officers, within the provision of Const., art. 11, § 5. 23 Am. & Eng. Ency. Law (2d ed.), pp. 322, 324; *United States v. Maurice,* 2 Brock. 96; *State v. Wilson,* 29 Ohio St. 347; *Vaughn v. English,* 8 Cal. 39; *People ex rel. Ahern v. Bollam,* 182 Ill. 528, 54 N. E. 1032; *United States v. Hartwell,* 6 Wall. 385; *People ex rel. Throop v. Langdon,* 40 Mich. 673; *Brown v. Russell,* 166 Mass. 14, 43 N. E. 1005, 55 Am. St. 357, 32 L. R. A. 253; *Shelby v. Alcorn,* 36 Miss. 273, 72 Am. Dec. 169; *Patton v. Board of Health,* 127 Cal. 388, 59 Pac. 702, 78 Am. St. 66.

*C. L. Holcomb,* for respondent.

MOUNT, C. J.—Appellant brought this action in *quo warranto,* denying the right of respondent to perform the duties of road supervisor under the act of March 16, 1903 (Laws 1903, p. 223). The lower court sustained a demurrer to the petition, and entered a judgment of dismissal. Petitioner appeals.

The only questions presented relate to the constitutionality of the act above named. Appellant claims that the act is unconstitutional upon four grounds, as follows: (1) It is a delegation of legislative authority to the various boards of county commissioners; (2) it creates an office and provides for the appointment, and not for the election of such officer; (3) it grants special privileges, and is in conflict with § 12, art. 1, of the constitution; (4) the subject of the act is not expressed in the title. Sections 12 and 13 of the act in question are as follows:

"§ 12. The boards of county commissioners may appoint from among the qualified electors in each district,

for such time as they may determine, with com )ensation not to exceed $4 per day, a road supervisor who s iall enter into a bond satisfactory to the commissioners. The commissioners shall have power to remove any sup( rvisor at will.

"§ 13. It shall be the duty of the road super 'isor, under the direction of the county commissioners, to keep the roads and bridges in his district in as good reps ir as the funds available will allow, and keep all roads open for travel at all times, and make a detailed monthly report of all work performed in his district during the previous month to the board of county commissioners; exa nine and certify all bills for labor and material in his dist rict; and perform such other duties as may be required by the commissioners for the proper maintenance of the hi ;hways." Laws 1903, p. 225.

The first two objections to the act are based upon the provisions of § 5, art. 11, of the state constitution, which is as follows:

"The legislature, by general and uniform laws, shall provide for the election in the several counties of ],oards of county commissioners, sheriffs, county clerks, ti easurers, prosecuting attorneys, and other county, township, or precinct and district officers as public convenience may require and shall prescribe their duties and fix thei ' term of office. It shall regulate the compensation of all such officers . . ."

It is argued that section 12 above quoted creates a county or district officer within the meaning of the con;titution, and provides for his appointment instead of his election, and is, for that reason, in violation of the prov.sions of section 5, of article 11, of the constitution. It is also contended that the act permits the county commission rs to fix the term and compensation of such officers, and that, in these respects, it is an unlawful delegation of th legislative powers to the boards of county commissioneis. Both

questions thus presented are based upon the assumption
that the road supervisors provided for in the act are county
or district officers, within the meaning of the constitution.
It will be noticed that these officers are not independent
officers.    All their defined duties are under the control and
direction of the county commissioners.    No terms are
fixed.    They are appointed for such time as the commis-
sioners may determine, and may be removed at will.    Their
pay is fixed at the will of the commissioners, at not to
exceed $4 per day, and it is not made compulsory upon the
commissioners to appoint such officers; it *may* be done.
These restrictions do not usually surround an independent
district or county officer, but are such as indicate the sub-
ordinate or deputy.    When we consider that "the boards of
county commissioners of the several counties in the state
shall have general supervision over the roads in their re-
spective counties" (Pierce's Code, § 7873), and that "each
county commissioner shall be *ex officio* road commissioner
of the several road districts in his commissioner district
and shall see that all of the orders of the board of county
commissioners pertaining to roads in his district are prop-
erly executed" (Pierce's Code, § 7870), it is readily un-
derstood that the road supervisors provided for in the act
are mere employees or deputies of the county commission-
ers, with limited powers and duties, and not county or dis-
trict officers within the meaning of the constitutional pro-
vision named.

The court, in *Nelson v. Troy*, 11 Wash. 435, 39 Pac.
974, had under consideration the construction of this con-
stitutional provision, and at page 441, said:

"The question is, what is meant by the term 'officer' as
used in the section of the constitution under consideration?
And it seems to us that the answer is suggested by a con-
sideration of the section, and what it calls upon the legis-

lature to do.    It requires the legislature to provide, first, by general and uniform laws for the election of county officers (not deputies or assistants) ; second, to prescribe their duties; third, to fix their terms of office; and lastly, to regulate the compensation of 'such officers.'    The whole scope of the provision relates to the 'officer,' and to him alone.    It is for *his* election that provision is to be made by the legislature; it is *his* term of office that is to be fixed and it is equally true that it is only *his* compensation that the legislature is required to regulate; and, if we are right in this construction, then it necessarily follows that as to needful deputies and assistants the section imposes no legislative restrictions or limitations, and the legislature is left in precisely the same condition, and with the same power and authority, as concerns the subject of this litigation, viz., the deputy county clerk of Clallam county, that it would have been in had § 5, of art. 11, never been incorporated in the constitution."

This case, we think, is directly in point upon the first two objections presented by appellant, and is decisive of them.

Appellant next contends that, if the road supervisors provided for are not county or district officers, and if their appointment is held to be an employment, then the act is void because it provides for employment from among the qualified electors, and is in conflict with the provisions of § 12, of art. 1, of the constitution, which provides that "no law shall be passed granting to any citizen or class of citizens  .   .   .    privileges or immunities which, upon the same terms shall not equally belong to all citizens.'    But this court has uniformly declared that this provision of the constitution does not apply to a law which places *"upon the same terms"* all persons coming within a certain designated class.    All the electors in the district certainly and clearly are upon the same terms, and are eligible to the employment.    There is no class discrimination here

It is next contended that the title of the act is insufficient.    The title is as follows:

"An act providing for the levy, collection and manner of payment of road, bridge, poll and property taxes, and the manner of the expenditure thereof, and providing for the division .of counties into road districts and the appointment of supervisors thereof, and repealing all acts and parts of acts in conflict herewith."

Appellant does not claim that this title is insufficient to support the sections of the act authorizing the appointment of the respondent to the office or employment which he exercised, but the argument made is that this act by its terms repeals former acts inconsistent with it and thereby abolishes the old system of election district road supervisors.    We think the title is sufficient.    But, in any event, this argument is not pertinent in this case because, even if the supervisors under the old system may still be elected, that result cannot affect the right of one appointed under this act to hold his office or employment, when the title of the new act is sufficient to authorize the appointment. The constitutional objections made to the act in question do not appear to be well taken.

The judgment of the lower court is therefore affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.