[No. 11732.    Department Two.    June 20, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. JOE H. DEER
              *et al.*, *Respondents.*[1]

CRIMINAL LAW—MISDEMEANOR—PUNISHMENT—GAME—OFFENSES—
UNLAWFUL HUNTING.  Under 3 Rem. & Bal. Code, § 5395-23, of the
game code, making it a gross misdemeanor to hunt deer with dogs,
and providing that any person convicted thereof shall be punished
"as hereinafter provided," without, however, making any provision
in the game code for such punishment, the words "as hereinafter
provided" may be treated as surplusage, and resort should be had to
the general statute, 1 Rem. & Bal. Code, § 2267, providing that every
person convicted of a gross misdemeanor for which no punishment
is prescribed at the time of the conviction shall be punished by im-
prisonment in the county jail for not more than one year, or by a
fine of not more than $1,000, or by both.

Appeal from a judgment of the superior court for Mason
county, Claypool, J., entered November 7, 1913, dismissing
a prosecution for hunting deer with dogs, upon sustaining a
demurrer to the information.  Reversed.

*R. A. Lathrop*, for appellant.

*T. P. Fisk*, for respondents.

MOUNT, J.—On October 21, 1913, the defendants in this
case were convicted upon a trial in the justice court of the
crime of hunting deer with dogs in Mason county.  They
were each fined $25 and costs.  They appealed from that
judgment to the superior court for Mason county, where
the trial court sustained a demurrer to the information and
dismissed the action.  The state has appealed from the judg-
ment of dismissal.

The charging part of the complaint is as follows:

"Ed. J. Hanson, being first duly sworn, deposes and on
oath says:  that on to wit, the 19th day of October, 1913,
in Mason county, state of Washington, the defendants,
Joe H. Deer, Earl Tonning, Harold Munson, Lyn Lumdsen,

[1]Reported in 141 Pac. 321.

and Jacob Weinert did then and there wilfully and unlawfully, by means of a dog used therefor, hunt, pursue, take, kill, injure and possess one deer. Against the peace and dignity of the state of Washington and the statute in such case made and provided."

The statute, at 3 Rem. & Bal. Code, § 5395-23, provides:

"Any person who shall at any time shoot or kill in any manner a deer when such deer is in any river or lake, or body of salt water, or shall hunt or chase deer with dogs, shall be deemed guilty of a gross misdemeanor and upon conviction thereof shall be punished as hereinafter provided."

This section is § 23 of the game code, passed by the legislature in 1913. Laws of 1913, p. 366. There are fifty-three sections in this act. A violation of the sections of the act according to the terms thereof, for the most part, is made a misdemeanor without stating the punishment. Several sections, however, provide that a violation by any person shall constitute a gross misdemeanor, also without stating the punishment. Section 23 provides that any person who shall hunt deer with dogs "shall be deemed guilty of a gross misdemeanor and upon conviction thereof shall be punished as hereinafter provided." The act makes no provision for the punishment of a gross misdemeanor. Section 52 provides:

"Any attempt to violate any of the provisions of any section of this chapter shall be deemed a violation of such provision and any person attempting to violate any of the provisions of this chapter shall be guilty of a misdemeanor, unless otherwise designated as a gross misdemeanor." 3 Rem. & Bal. Code, § 5395-52.

But there is no provision in the act anywhere defining the punishment for a misdemeanor or a gross misdemeanor. It was held by the lower court that because of the words "and upon conviction thereof shall be punished as hereinafter provided," and because there was no punishment provided by the act itself, that therefore there was no punishment for the crime, and for that reason the demurrer was sustained

and the action dismissed. The last words of the section, namely, "and upon conviction thereof shall be punished as hereinafter provided," indicates that the legislature intended to make a provision for the punishment of a gross misdemeanor in the act itself. But this was not done. The general statute provides, at Rem. & Bal. Code, § 2267:

"Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

This statute was in force at the time the act of 1913 was passed. While it may have been the intention of the legislature when the game code was passed to state in the act the punishment for a gross misdemeanor, the fact that this was neglected did not, we think, render § 23 of the game code of no effect; for it is apparent that the legislature must have concluded that no specific punishment of a gross misdemeanor other than that already in force was necessary, and for that reason they either intentionally or unintentionally omitted to make provision in the act for such punishment. It is no doubt true that criminal statutes must be strictly construed in favor of one accused of crime. But it does not necessarily follow that, because the legislature used the words "and upon conviction thereof shall be punished as hereinafter provided," and thereafter made no provision, there is no punishment for the crime therein defined, especially where there was already a statute defining the punishment for the crime of gross misdemeanor. It is plain, we think, that the words, "and upon conviction thereof shall be punished as hereinafter provided," are a mere nullity and do not render the section ineffective. We are satisfied that the general statute relating to the punishment of gross misdemeanors is applicable to § 23 above quoted.

In the case of *State v. Ames,* 47 Wash. 328, 92 Pac. 137,

where the pilotage act was attacked because the title of the act did not provide for a penal clause, we said:

"But if it be true that the title is not broad enough to include the provisions relating to the penalty, the result contended for would not follow. The penal clause only would be void, and the act would stand in the same category as other statutes prohibiting the doing of particular acts, but providing no penalty for their violation; the doing of such acts being prohibited by the general statutes as misdemeanors, punishable by imprisonment in the county jail for not more than one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

What was said there, we think is applicable to this case. Where a statute makes its violation a gross misdemeanor without making provision for the punishment of a gross misdemeanor, the court is authorized to resort to the general statutes defining the punishment in such cases. We are of the opinion, therefore, that § 23 is effective, and that the trial court erroneously sustained the demurrer.

The judgment is therefore reversed.

CROW, C. J., FULLERTON, PARKER, and MORRIS, JJ., concur.