[No. 17939.  Department One.  May 29, 1924.]

THE STATE OF WASHINGTON, *Appellant*, v. PERRY B. TRUAX, *Defendant*, SEATTLE NATIONAL BANK, *Respondent.*[1]

CORPORATIONS—CRIMINAL OFFENSES—GRAND LARCENY — PUNISHMENT—STATUTES.  A banking corporation cannot be indicted for grand larceny the punishment for which is expressly fixed at imprisonment in the penitentiary by Rem. Comp. Stat., § 2605, because of impossibility of inflicting the punishment; and there can be no application of Id., § 2265, providing for both fine and imprisonment in the case of felonies for which no punishment is "prescribed," which means to lay down authoritatively, impose or direct, as is done by Id., § 2605.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 7, 1923, upon sustaining a demurrer to the indictment, dismissing a prosecution for grand larceny.  Affirmed.

*Malcolm Douglas* and *Ewing D. Colvin,* for appellant.

*W. S. Fulton, Bausman, Oldham, Bullitt & Eggerman,* and *Walter L. Nossaman,* for respondent.

MAIN, C. J.—Perry B. Truax and the Seattle National Bank, a corporation organized under the Federal banking act, were, by indictment, charged with the crime of grand larceny, alleged to have been committed by trick and device, in that they refused to surrender to Frank Waterhouse & Company, a corporation, certain collateral after a note owing to the bank by that company had been paid which the collateral was given to secure.  The demurrer of the bank to the indictment was sustained by the trial court and a judgment of dismissal was entered as to it, from which the state appealed.

[1]Reported in 226 Pac. 259.

The question presented is whether the indictment charges a crime against the bank, the respondent. One objection urged against the indictment is that, since the charge is grand larceny and the statute defining the punishment for that crime only provides for imprisonment, and this being inapplicable to the bank, which is a corporation, no crime is charged. The indictment is based upon Rem. Comp. Stat., § 2601 [P. C. § 8944], which provides:

"Every person who, with intent to deprive or defraud the owner thereof—

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; . . .

"Steals such property and shall be guilty of larceny."

Section 2605, Rem. Comp. Stat. [P. C. § 8948], refers to § 2601 and provides:

"Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal or withhold in any manner specified in section 2601—

. . . . . . . . . .

"(5) Property of the value of more than twenty-five dollars, in any manner whatever,

"Shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Every other larceny shall be petit larceny and shall be a gross misdemeanor."

It will be observed that this statute expressly provides that the punishment for grand larceny shall be by "imprisonment in the state penitentiary for not more than fifteen years." It will be further observed that the statute does not fix the penalty with reference to petit larceny. Section 2265, Rem. Comp. Stat. [P. C. § 8700], provides that:

"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

Under that statute a person convicted of a felony for which "no punishment is specially prescribed by any statutory provision" shall be punished as therein provided. The succeeding § 2266, Rem. Comp. Stat. [P. C. § 8701], provides that every person convicted of a misdemeanor for which no punishment is prescribed by statute shall be punished as therein provided.

The appellant claims that the punishment provided for a felony in § 2265, *supra,* should be applied to the bank in this case, and that therefore the indictment is good. The respondent contends that, since the statute specifically fixes the penalty for a felony (which grand larceny is) at imprisonment, § 2265 is not applicable because that statute can only be applied when no punishment is prescribed by any statutory provision. To constitute a crime, the act or omission must be forbidden by law and punishable upon conviction. Section 2253, Rem. Comp. Stat. [P. C. § 8688], of the code provides:

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine, or other penal discipline. . . ."

In *Ex parte Ellsworth,* 165 Cal. 677, 133 Pac. 272, the supreme court of California said, with reference to a similar statute:

"A description, definition, and denouncement of acts necessary to constitute a crime do not make the commission of such act or acts a crime, unless a punishment be annexed, for punishment is as necessary to constitute a crime as its exact definition."

The general rule is that an indictment charging a corporation with a crime which can only be punished by imprisonment is not good, since such punishment cannot be inflicted upon a corporation; but where the penalty is a fine, or both fine and imprisonment, the penalty may be inflicted upon the corporation, in the event of its conviction, so far as applicable. In Fletcher, Cyclopedia Corporations, vol. 5, § 3372, it is said:

"Even if it be conceded that a corporation has the capacity to commit a particular crime, it cannot be indicted therefor if the punishment prescribed for the crime cannot be imposed upon a corporation. A corporation, therefore, could not be indicted for a felony, because, if for no other reason, the punishment for felony is death or imprisonment, to neither of which penalties a corporation can be subjected.

"If the penalty prescribed for an offense is both fine and imprisonment, the statute cannot be applied to corporations in so far as regards the imprisonment, but the inability to punish by imprisonment does not prevent an indictment against a corporation and its punishment by fine."

In Thompson on Corporations, vol. 5 (2d ed.), § 5621, it is said:

"The corporation cannot be prosecuted for a crime where the punishment prescribed cannot be imposed upon a corporation. Thus a corporation cannot be indicted for a felony because the punishment for felony

is death or imprisonment and the corporation cannot be subject to either form of punishment. But if the penalty provides for fine or imprisonment then the corporation may be indicted because punishment by fine can be imposed for the offense."

Those texts but express the general rule supported by the authorities. It is clear that if the statute of this state, instead of fixing the penalty for grand larceny at imprisonment in the state penitentiary for not more than fifteen years, had provided both a fine and imprisonment, the indictment would have been good. Since the statute, however, provides only for imprisonment, the indictment does not charge a crime against the bank because, being a corporation, it cannot be subject to that penalty. To hold that the general statute (§ 2265), which provides that in case of felony for which no punishment is specially prescribed by statute the offending person may be punished as therein provided would be applicable in this case, it would be necessary to read something into § 2605, *supra,* of the statute, which specifically provides that the penalty for a felony such as the bank is sought to be charged with in this case shall be imprisonment in the state penitentiary. As already stated, this statute specifically refers to § 2601, *supra,* upon which the indictment is based. The general statute by its terms is only applicable when "no punishment is specially prescribed by any statutory provision." Words and Phrases (second series), vol. 3, page 1154, defines the word "prescribed" as follows:

"The word 'prescribed' has a well-defined legal meaning, denoting to lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law. (citing authorities)"

Under this definition § 2605, *supra,* expressly prescribes the penalty for grand larceny to be "imprisonment in the state penitentiary for not more than fifteen years." The penalty being here definitely and specifically prescribed, there is no application for the general statute, which is only applicable when no punishment is "specially prescribed."

Attention will now be given to the cases upon which the state seems most to rely as sustaining the indictment.

In *State v. Deer,* 80 Wash. 92, 141 Pac. 321, the defendants were convicted of hunting deer with dogs. The statute provided that any person who should at any time hunt or chase deer with dogs "shall be deemed guilty of a gross misdemeanor and upon conviction thereof shall be punished as hereinafter provided." The act did not make provision for the punishment of a gross misdemeanor. It was there held that the words "as hereinafter provided" were surplusage and that the charge and conviction should be sustained, since the defendants could be punished under the general statute which provided that every person convicted of a gross misdemeanor for which no punishment was prescribed by any statute should be punished as therein provided. In that case the statute making it a gross misdemeanor to hunt deer with dogs did not prescribe a punishment because, as said in the opinion, "but there is no provision in the act anywhere defining the punishment for a misdemeanor or a gross misdemeanor." In the present case, the statute expressly provides that punishment shall be imprisonment in the state penitentiary.

In *State v. Burgess,* 111 Wash. 537, 191 Pac. 635, the defendant was charged and convicted of an offense of being a jointist. It was there contended that, since the

statute failed to specify a place of imprisonment as punishment for the commission of the prohibited act, the judgment was erroneous. It was there held that the general statute (Rem. Comp. Stat., § 2265) could be applied as fixing the place of imprisonment in the state penitentiary. The statute under which the charge and conviction were had was silent as to the place of imprisonment. That case is distinguishable from the present in this: There the statute made no mention of the place of imprisonment, while here, as already stated, the statute specifically prescribes that the punishment shall be by imprisonment in the state penitentiary.

In *United States v. Van Schaick*, 134 Fed. 592, the defendants were charged with manslaughter, as the officers and agents of the Knickerbocker Steamboat Company, a corporation, and the owner of the steamboat General Slocum, which sank and caused considerable loss of life. In the course of the opinion in that case there is some language to the effect that, even though the United States statute upon which the indictment was based provided a punishment which could not be inflicted upon a corporation, nevertheless the corporation owner of the boat would be subject to indictment. This was said in answer to a contention that the officers and agents of the corporation were not liable, and it was further held that the government had the right to prosecute individuals even though the penalty was such as could not be inflicted upon a corporation. The opinion, so far as it indicates that an indictment is good as against a corporation when the only penalty provided for the offense is that of imprisonment (which cannot be inflicted upon a corporation), is out of harmony with the rule stated by the text writers as well as by the cases generally.

In *United States v. Union Supply Co.*, 215 U. S. 50, the charge was under a statute which provided for both a fine and imprisonment, and it was there held that the penalty, so far as applicable, could be imposed upon a corporation. That case is not out of harmony with the views that we entertain as to what the law is.

If the present case were based upon a statute, as already said, which provided both for a fine and imprisonment, there can be no question but what, under the authorities as well as reason, the indictment would be good. It is argued that it was not the legislative intent to permit a corporation to be punished, if it committed a misdemeanor, by fine under the general statute, and did not intend that a corporation should be punished by fine if it committed the graver offense of grand larceny. Whether the legislature intentionally omitted to provide for a fine for grand larceny, or inadvertently did so, can make no difference. It may be that it was the legislative opinion that, since a fine must be visited upon the stockholders, the punishment of the officers and agents causing the corporate act, by imprisonment in the penitentiary, would operate as sufficient protection to the public. But whatever the reason may be, we must accept the law as it is. To hold that the general statute would be applicable when the specific statute covering the offense definitely prescribes a penalty, would require the writing into the law something that the legislature did not put there.

The judgment will be affirmed.

BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.

TOLMAN, J. (concurring)—I concur in the result reached by the Chief Justice, but upon different grounds.