### STATE, Plaintiff-Appellant v. GOSSLER et, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

Nos. 3570 to 3623, Inc.   Decided March 7, 1944.

Ralph J. Bartlett, Pros. Atty., Columbus, for plaintiff-appellant.

Eagleson & Laylin, Columbus, Luther Day, Cleveland, for defendants-appellees.

## OPINION

By GEIGER, J.

This matter is before this Court on an appeal from the judgment of the Court below, entered February 8, 1943, sustaining the motion of several defendants to quash the indictment against the corporation and twelve individuals. As to this entry, from which this appeal is taken, the records are incomplete. The record discloses the judgment of the Court below to be in substance: the cause came on for hearing upon the motion of ————— to quash the indictment as to him; and of the written decision of the Court thereon rendered July 8th, and the Court finds that said motion to quash the indictment as to said defendant is well taken and should be sustained, and that this cause should be dismissed as to said defendant, and said defendant discharged, and it is by the Court ordered that the motion be sustained and the indictment against the defendant is quashed. The notation on the docket as to this entry is erroneous in stating that it was made on February 8, 1942, whereas it was February 8, 1943.

On March 6, 1943, the notice of appeal was filed as to all the defendants under the cause numbered 23248 in the Court of Common Pleas. The notice is in substance, "the State of Ohio, plaintiff-appellant, in the entitled case in.which the defendants-appellees were charged by indictment with the crime

of presenting false bill and receiving payment on false bill, hereby gives notice of appeal on questions of law from the judgment of the Court, wherein said Court sustained the several motions to quash and dismissed proceedings as to said defendant-appellee." The caption of the motion is "State of Ohio, Plaintiff-Appellant", against twelve named individuals and the Ohio Fuel Gas Company, a corporation. This notice of appeal was given on March 6, 1943, more than twenty days and less than thirty days after the entry of the judgment on which the appeal is taken. The defendant filed a motion in this Court to dismiss the appeal on the ground that notice of the same was not given within the statutory time. That motion was overruled by a majority of the Court, one Judge thereof dissenting.

Inasmuch as there are a great number of defendants, one corporate and many individual, and a number of indictments against each, it is proper that a schedule of the cases be set out so that it can be readily determined as to what case and what indictment are referred to.

Four indictments, each with a large number of individuals and one corporate defendant, were filed in the Court below. Two of these indictments charged the several defendants with presenting a false bill to a municipality and receiving payment thereon. (§13105 GC.) These two indictments were numbered below, 23,248 and 23,249.

The other two indictments charged the defendants with obtaining property by false pretenses. Sec. 13104 GC. They were numbered in the Court below as. 23,250 and 23,251.

Each of the defendants named in the four indictments filed separate motions to quash and ultimately all these motions were sustained and separate entries sustaining the motion to quash and dismissing the indictments were filed. There were 50 appeals filed by the State applying to each of the defendants below, individually.

With the large number of indictments and of the defendants involved and the similarity of the offense charged, we shall pursue our investigation in the one case, numbered 23,248 in the Court below, and 3570 in this Court. We are of the opinion that by investigating this one indictment, better progress will be made than if we attempt at the same time to examine the four indictments. When we have arrived at a conclusion our decisions can properly be allocated to the several indictments as the same may be appropriate or may be added to in order to care for differences that may appear.

Wherever the Court is of the opinion that it may state something of special importance, the same will be emphasized.

On March 31, 1938, the indictment which we most closely examine was filed under the caption "Indictment for presenting a false bill and receiving payment on false bill, §13105 GC". Leaving out the formal matters,

"the Grand Jury do present that the Ohio Fuel Gas Company was a corporation existing under the laws of Ohio engaged in the business of a public utility, carrying on business in Franklin County; that on the 24th day of December, 1929, said company and 12 individuals (whose names need not be repeated in this opinion), unlawfully and falsely pretended that the City of Columbus was indebted to the Ohio Fuel Gas in the sum of $996.70 for natural gas used by the city at the Municipal hangar at the Columbus Airport, from November 1, 1929, to December 18, 1929, and the defendants, with intent to defraud the city, did present to the Auditor a fraudulent bill for $996.70, (which bill is copied into the indictment and shows that it is for the alleged amount of 1,660,000 cubic feet of gas consumed in the period covered by the bill, and that at the price the charge against the city for the period and for that price was $996.70.)"

The indictment alleges that,

"the bill was false and fraudulent; as to the defendants, was known to each of them; in that the volume and value of the natural gas used in said municipal hangar for the period covered by the bill exceeded the volume and value of natural gas actually used, and was not of the value of $996.70 as set out in the bill, but in fact the volume was 166,000 cubic feet less than the volume set out in said bill and of the value of $99.67 less than the value set forth in said bill."

It is alleged,

"that the fraudulent bill was presented by the company and the named individuals to the Auditor of the City of Columbus for the purpose of procuring its allowance, and thereby procuring an order for the payment of said fraudulent bill out of the treasury of the city with intent to defraud the city of the sum of $99.67; that the company and the individuals knew that the bill was fraudulent in the respects recited; that said

142

company and the individuals had severally conspired and schemed to defraud the gas consumers, including the city, by means of wilfully and corruptly adulterating, cutting and diluting the natural gas supply of the consumers of the company, with intent to defraud them, including the city of Columbus, by systematic and continuous injection of a product which was wholly lacking in heat value, variously known as flue gas, smoke gas and inert gas, composed of nitrogen and carbon monoxide, and in no sense was said product natural gas; that the company and the individuals well knew that this product which was injected into the **natural** gas supply for the consumers of the company was wholly lacking in heat value and adulterated the quality of the natural gas supplied to consumers; that the corporation and the individuals named, at all times well knew of and caused injection of this product into the natural gas supply; that the company and the individuals presented to the Auditor the fraudulent bill for this product, wholly lacking in heat value and represented the same to be natural gas, when in truth each of them knew that said adulterants were not natural gas and in fact not less than 10% of the bill presented or the sum of $99.67, was for the adulterating product, wholly lacking in heat value; that at all times mentioned the company had on file with the Utilities Commission a schedule covering the sale of **natural** gas for rural territory, which schedule was duly filed and in full force at all times; that the schedule provided for the furnishing of natural gas at the airport by the company and during all said time the individuals named dominated and controlled the Ohio Fuel Gas Company and produced said company to do the things set forth, contrary to the statute in such cases made and provided."

The grand jury further presents that at all times hereinafter mentioned the Fuel Company was a corporation; "that on the 4th of February, 1930, said company and the individuals named did unlawfully and with intent to defraud the city of Columbus, receive from the city the sum of $996.70 out of the treasury of the city, in payment of the fraudulent bill represented to be for natural gas used by the city at the airport from November 1, 1929, to December 18, 1929, which fraudulent bill, on the 24th day of December, had unlawfully and with intent to defraud the city been presented to the auditor of the city for his allowance, and thereafter was allowed by the auditor," in the amount heretofore stated; thereafter in this count of

the indictment are set out substantially the same facts as asserted in the first count.

It is alleged "that the company and the individuals received payment in full from the treasurer of the city for the fraudulent bill, each knowing that said·flue gas and adulterant was not natural gas, and that not less than 10% or the sum of $99.67 was for the product known as flue gas, etc., lacking any heat value."

There is an additional allegation against the defendants. involving the same matter, not necessary to repeat.

All of the defendants filed motions to quash, which the Court on its orginal hearing overruled, but upon rehearing, sustained. The defendants moved during the course of the trial that the Prosecuting Attorney be required to advise them by a bill of particulars as to the operative facts upon which the State relies to show defendants' individual connection with or participation in the alleged unlawful acts, and to advise the defendant (in case No. 23,248) of the means by which defendants dominated and controlled the gas company in relation to the company's acts alleged to have been done by it and to show in what manner the defendant procured the company to do things alleged to have been done.

The prosecuting attorney in a supplemental bill of particulars stated concerning each defendant as disclosed in the bill of particulars in reference to the defendant Gossler, the activities of the several individuals to the effect that the defendant Gossler, with others, the extent of whose participation is unknown to the state, were able and did dominate and control the subsidiaries of the Columbus Gas Company; that by virtue of his official position and as a member·of the executive committée he was in a position to and did domınate the subsidiaries of the gas company requiring approval by the board of directors of the Columbia Gas Company of expenditures for equipment by subsidiary companies, by holding the right to remove or discharge all directors and principal department heads of the subsidiaries; that sometime prior to the dates alleged in the indictment the defendant, Gossler, and others, living and dead, conceived and entered into a plan by which the natural Gas supply was debased, diluted and adulterated by the addition of large quantities of inert gas, an that under the direction of Gossler the plan was carried into execution; that in the adoption of the plan various defendants in their positions and as officers of "Columbia Gas" and subsidiaries, adopt-

ed. resolutions and authorized contracts and took various steps and made original decisions, all acts of the defendants named and in furtherance of the unlawful conspiracy alleged, and the expenditure of money for that purpose was authorized by Gossler and the members of the executive committee of the Columbia Gas and of the associate companies, and that the defendants did in many other ways aid and further the preparation for the financing, manufacture and delivery and injection into the gas mains of the Ohio Fuel Gas of the adulterated gas and the billing and payment thereof in furtherance of the scheme alleged.

That each and all of the defendants named in the indictment, by the specific manner an means alleged, did dominate and control "Ohio Fuel Gas" in relation to that company's acts, and that each by the specific manner alleged, procured The Ohio Fuel Gas to do the things alleged and charged to be done by said company.

Separate exceptions were taken by each individual defendant to the bill of particulars on the ground that in material respects the Court order had not been complied with and also that it failed to satisfy the constitutional and statutory rights of each exceptor. The Common Pleas Court overruled said exceptions and permitted the same to stand. Thereupon separate motions to quash the indictment were filed by each individual defendant.

The Court in its final entry from which appeal is taken under date of February 5, 1943, stated the facts as he interpreted them and his conclusion, and sustained the motions to quash.

## MOTIONS TO QUASH.

**Section 13439-6 GC,** provides that a motion to quash may be made when there is a defect apparent upon the face of the record, within the meaning of the provisions of the chapter relating to the indictment, form and sufficiency thereof, including defects in the form of indictment and in the manner in which the offense is charged. Each of the defendants, including the corporation, filed a motion to quash, all identical. They may be epitomized as follows:

The defendant excepts to the indictment and to each count thereof and moves the Court for an order quashing as to him each count of said indictment by reason of defects upon the face of the record as stated below:

(1) The first count of the indictment charges that the company, a corporation, knowingly presented a certain bill to the city auditor, with intent to procure an order for its pay-

ment out of the treasury of the city. The second count charges that said corporation, knowingly received payment upon such bill, alleged to be false and fraudulent.

I. The acts so alleged to have been committed by the corporation do not constitute an offense under the statutes of the state of Ohio in that,

(a) Said acts are punishable only by imprisonment in the penitentiary, which said imprisonment could not be inflicted upon a corporation. If it charged a misdemeanor it would be barred by the statute of limitations.

(b) The specific intent to defraud and to procure payment charged in the first count against the corporation alleged knowledge of the indictment against the corporation of each of the alleged offenses and the same are such as said corporation was incapable of having or entertaining; wherefore said indictment does not charge that said corporation committed any offense.

(2) Both of said counts purport to charge the defendant nominally and formally with direct participation in the physical act therein alleged, to wit, the physical act of presentation and the physical act of receiving payment, but said indictment as a whole on its face as well as the very nature of said physical act as to alleged show said respective acts to have been committed only by the corporation acting through its agents not named, and not through or by this moving defendant or any other individual named therein. Wherefore this defendant shows that he is charged with no more than having aided, abetted and procured said corporation to present said bill and receive payment therefor. The bill of particular and the supporting bill of particulars show that the State does not claim that the defendant was more than an aider, abettor or procurer of said corporation in the alleged doing of the things alleged in the indictment. The motion concludes, wherefore said indictment is insufficient to charge any offense against the defendant.

II. The allegations contained in each count of the indictment with respect to which the bill is alleged to have been false are insufficient to show that it was false in any material respect.

III. The acts of the defendant alleged are insufficient to constitute the aiding or abetting or the procuring by this defendant of the Ohio Fuel Gas Company to do the things therein alleged to have been done. Wherefore, even if the indictment could be held to charge an offense against the corporation of

which another could be convicted as an aider, said indictment does not charge this defendant as an aider and the specific acts alleged in the bill of particulars and supplemental bill of particulars are insufficient to constitute aiding or the abetting or procuring by the defendant of said corporation to present said bill as alleged in the first count of the indictment or to receive payment thereof.

The Court stated in his decision in substance that while the indictments purport to charge the individual defendants as principals with the doing of the acts constituting the offenses, there is repugnancy in the indictment in that there is an allegation that the defendants dominated the defendant, The Ohio Fuel Gas Company, and procured said company to do the things set forth in the indictment. The Court points out that they could not at the same time do the acts themselves and cause and procure someone else to do the same acts. If they did the acts themselves they would be principals; if they procured and caused another to do the acts they would be aiders and abettors unless the others did the acts directly for the principal.

The Court points out that the charge is the presenting of a false bill and receiving payment thereon, and not the dilution of the gas or the furnishing of the diluted gas to the consumers. The bill of particulars charges a conspiracy to defraud the consumers of the gas company by diluting the natural gas served. The Court points out that each of the defendants could not physically have presented the bills and received payment, and that there are no facts in the bill of particulars showing that they were charged with doing the acts constituting the alleged offenses by and through agents. There are no facts alleged to show that the individual defendants knew that the gas company would present false bills. The Court states that it is its conclusion that the bill of particulars does not set out operative facts to show evidence of acts of the individual defendants constituting the offense charged or of acts of the defendants through agents constituting the offenses charged, but only of procuring the defendant through domination to do the alleged acts, "hence it is the conclusion of the Court that the individual defendants are only charged as aiders and abettors of the defendant, The Ohio Fuel Gas Company. Since no crime is charged against The Ohio Fuel Gas Company, for the reason that a corporation cannot be imprisoned, no crime is charged against the individual defendants as aiders and abettors, since no one can be guilty of a crime of aiding and abet-

ting one who is not charged with a crime". The Court for the reasons stated arrived at the conclusion that the indictments should be quashed as to the individual defendants and their motion is sustained. This judgment of the Court is embodied in the entry of February 8th from which appeal was taken to this Court, as heretofore indicated.

ASSIGNMENT OF ERROR.

The Prosecuting Attorney has filed only one assignment of error, as follows:

That the lower court erred in sustaining defendant's motion to quash and dismiss the indictment herein, said judgment and final order of the Court being contrary to law. The prosecutor then sets out statute §13,105 GC, providing for punishment for the presentation for payment of a false and fradulent bill, and states that the decision of the lower court sustaining the motions so far as the opinion discloses. is based upon a proposition that the individual defendants are only charged in the indictment as aiders and abettors of the company and that since no crime is charged against the company for the reason that the corporation cannot be imprisoned, no crime is charged against the individual defendants as aiders and abettors, since one cannot be guilty of a crime in aiding and abetting one who is not charged.

The prosecutor states, counsel for the State does not believe that the law is such a hopeless creature. Such construction of the law can only serve to shield the guilty. And counsel refers to the case of **Hanoff v State, 37 Oh St 176**, asserting that that case holds that one indicted as a principal may be convicted on proof that he is an aider and abettor, and counsel queries, "Where then can it be said that the allegation of the indictment, even if they be construed to indicate aiding and abetting will afford the basis for dismissing the indictment." Quoting from C. J. p. 121, Section 103. Counsel for the State assert that the distinction between principal and aiders and abettors or principal and accessories is not controlling in the instant case and should not affect the sufficiency of the indictment, and quotes 16 C. J. p. 124, Section 108, 2, in reference to the commission of crime by an innocent agent. Counsel concludes that under the text cited, if an innocent agency is used in the commission of the crime that all acts of the innocent agency become the acts of those who used the agency and they themselves become the principal rather than the innocent agency, and if they refer to the use of a guilty agent who has not the capacity to be criminally responsible, then those who use such irresponsible agency become princi-

pal rather than the agency and counsel concludes, if the Ohio Gas Company is not responsible under the law, inasmuch as it cannot be sent to the penitentiary for acts which would be sufficient to send an individual to that institution, then those who use the company to accomplish such criminal acts become the principal themselves even under the common law. Citing **Gregory v State, 26 Oh St 510.** Counsel cites and quotes from other cases and concludes that it is the position of counsel for the State that if an irresponsible agency is used, whether innocent or criminal, such as a child, an idiot or **dummy corporation,** then those who use such agency to accomplish their criminal acts become the principals themselves rather than the agency, being considered the principal, and counsel states, if this is sound law, then counsel for the State submits that the motion to quash and dismiss the indictments in these cases should have been overruled rather than sustained.

Before we proceed further with the discussion of this case we will quote the substance of several statutes which may be pertinent:

### Section 12373:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies. All other offenses are misdemeanors."

### Section 12380:

"Whoever aids, abets or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

**Section 13105,** relating to a false bill, which is the foundation of the indictment, provides in substance, whoever knowing it to be false or fraudulent, in whole or in part, presents for payment to an accounting officer of a municipal corporation, or whoever knowing it to be false and fraudulent, in whole or in part, receives payment thereon from the municipal corporation, if it is false to the amount of $35.00 or more, shall **be imprisoned in the penitentiary not less than one year nor more than ten years,** or if it is fraudulent to a sum less than that amount shall be fined. The allegation in the indictment is that the bill is false in the sum of $99.67.

**Section 13104,** under the caption "Obtaining Property By False Pretenses" then provided:

"Whoever, by false pretense and with the intent to defraud, obtains anything of value, if the value of the property so procured is thirty-five dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than three years or if less than that sum shall be fined not less than ten dollars nor more than one hundred dollars."

It will be observed that both statutes provided that where the offender when the amount obtained is not less than thirty-five dollars shall be imprisoned in the penitentiary, and if less, shall be fined. The Prosecuting Attorney seems to concede that if the penalty prescribed is imprisonment alone, without fine, that the corporation cannot be indicted for the lack of authority to punish it by imprisonment. It seems to us that if this proposition be admitted, that the entire case of the State falls with it, for the reason that if the corporation may not be prosecuted, then there can be no aiders or abettors who by virtue of §12380 GC may be prosecuted as principals.

We are frank to say that we were somewhat surprised by the proposition that if the penalty is imprisonment in the penitentiary, but no provision for fine, that the corporation may not be prosecuted. We find, however, that this proposition is supported by respectable authorities which are cited in the consolidated brief of the defendants, on page 14, and quoted in substance. Even if it be conceded that a corporation has the capacity to commit a particular crime, it cannot be indicted therefor, if the punishment prescribed for the crime cannot be imposed upon a corporation. Fletcher, Cyc., on "Corporations", Vol. 10, p. 659, Sec. 4946:

"If the only punishment for the offense is death or imprisonment or other punishment inapplicable to a corporation, it cannot itself be made criminally liable for the offense." 13 Am. Jur. under "Corporations", Sec. 1137, p. 1061.

"This corporation cannot be prosecuted for a crime where the punishment prescribed cannot be imposed upon a corporation. Thus a corporation cannot be indicted for a felony because the punishment for a felony is death or imprisonment and a corporation cannot be subject to either form of punishment." 7 Thompson, "Corporations", 3d Ed., Sec. 5606.

"The general rule is that an indictment charging a corporation with a crime which can only be punished by imprisonment is not good since said punishment cannot be inflicted upon the corporation: * * *" State v Truax, 130 Wash., 69; 226 Pac. 259.

"There are certain crimes which a corporation on account of its very nature cannot do. Where a penalty prescribed for the violation of a criminal statute calls for imprisonment or death only, a corporation cannot be indicted." People v Duncan, 363 Ill., 495; 2 N. E. (2d) 705.

Counsel further cite:
State, ex rel. v. Gilbert, 213 Wis., 196; 251 N. W. 478;
Commonwealth v. Railroad Company, 153 S. W., 459;
People v. Strong, 363 Ill., 602; 2 N. E. (2d) 942.
In addition we cite State of Washington v. Seattle National Bank, 33 A. L. R. 1206,

"An indictment charging a corporation with a crime that can only be punished by imprisonment is not good, since such punishment cannot be inflicted upon the corporation."

We have examined the above cases and others bearing upon the same question, and in spite of our prior thought to the contrary, we must come to the conclusion that a corporation, where the only penalty provided is imprisonment in the penitentiary, cannot be indicted. It is not incumbent upon us to say why, whether through intention or oversight, the Legislature failed to provide for a fine. Had there been given to the Court the alternative of imprisonment or a fine, and had it been impossible for the Court to have sentenced the corporation to the penitentiary, but possible to have imposed a fine, the indictment would have been good.

We are conscious of a statement of the Court in this case and endorsed by other courts as follows:

"Although a corporation may not by reason of the nature of the penalty imposed be punishable for a violation of a statute, it may nevertheless be deemed guilty of violating it, so as to admit of others being charged with conspiring with it to violate the statute or with aiding and abetting it to do so." Citing United States v. Van Schaick, 134 Fed. 592, and other cases cited on page 1212, 33 A. L. R.

GRAVAMEN OF THE CHARGE,
IN CONNECTION WITH THE BILL OF PARTICULARS.

In §13437-6 GC, the last paragraph of the statute provides:

"Provided, that the prosecuting attorney, if seasonably requested by the defendant, or upon order of the Court, shall

furnish a bill of particulars setting up specifically the nature of the offense charged."

The charge is to the effect that the corporation presented a fraudulent account and received from the city an amount beyond that which was due, had the account not been fraudulent. The twelve individual defendants are charged in various language with aiding and abetting and advising and in some cases, coercing the corporation to enter into the scheme of diluting the natural gas with static gas. The bill of particulars is almost exclusively devoted to this enterprise upon the part of the individual defendants, due to their position of power in the corporation and their conspiracy to dilute the gas. It seems to us that any charge against the individuals must be in connection with the act of presenting a false bill and receiving an unjust compensation. The indictment has not anything to do with the method by which the gas was diluted or the scheme that was followed to accomplish that purpose except as it is claimed to be necessary in order to show that the defendants were guilty of presenting a false or fraudulent claim. It might well have happened under the allegations of the indictment as further explained by the bill of particulars, that the defendants did conspire to and did put in operation the device by which the gas was diluted. Nevertheless that would not be sufficient to indict them for having presented a fraudulent account or having received money from the city treasury. That was all accomplished by the corporation without the aid of the defendants in perpetrating the crime charged. They may have been guilty of other offenses or have been civilly liable, but their criminal liability must be confined to the act of presenting a fraudulent bill or under the other indictment, of receiving money under false pretenses. They could not have aided and abetted the corporation if the corporation cannot be indicted by virtue of lack of appropriate punishment, but even if the corporation and its acts be such as would support the allegations of the indictment against the invidiual members, yet the allegations as contained in the indictment, plus the information contained in the bill of particulars are not sufficient to make them principals or aiders and abettors.

We do not look with favor upon the claim of the prosecutor that the corporation was an innocent instrumentality used by the defendants in the perpetration of their own wrongful act,

and that the individuals are therefore principals. The corporation acted under the direction of its manager and directors, and its act in presenting the alleged false bill was the act of the corporation and not the act of the individuals using the corporation as an innocent medium for a criminal act that they sought to perpetrate.

Sec. 13105-1 GC, makes the offense complete when the defendant has made the false statement. However, in §13104 GC, obtaining property by false pretenses, it must appear that the defendant charged **"obtains anything of value."** It is nowhere charged that under the section relating to false pretenses the individual defendants obtained any money or anything of value. It may be imagined that if they succeeded in collecting more money by their corporation than it was entitled to, that they as stockholders would receive larger dividends. However, this is not sufficiently alleged in the indictment.

We are of the opinion that the Court below committed no error in quashing the indictments, both against the individuals and the corporations.

Judgment of the Court below affirmed.

HORNBECK, J. concurs.

I concur in the judgment of affirmance, but am of opinion that the indictments charge the defendants, other than the Gas Company, as principals and not as aiders and abettors, and further that the bills of particulars do not require the conclusion that the defendants, other than the Gas Company, in committing the acts set out were aiders and abettors.

The facts set forth in the bills of particulars are not sufficient to require the conclusion that the defendants, other than the Gas Company, caused the false bills to be presented for collection or that they received payment thereon. The bills of particulars respecting this essential of proof depend upon legal conclusions instead of averments of fact from which the essential inferences must be drawn. If the dilution of the gas or the placing of the diluted gas in the main of the Gas Company were offenses under the law, then clearly the bills of particulars sufficiently aver the commission of these acts. But these acts, if true, are not criminal offenses.

BARNES, P. J., concurs in concurring opinion.

## APPLICATION FOR REHEARING.

Decided March 30, 1944.

BY THE COURT:

Submitted on application of the State for rehearing.

The respective views of the members of the Court in the opinions on the motions to quash were expressed upon consideration of the indictment in conjunction with the bills of particulars and the supplemental bills of particulars. This is the test to be applied, as we understand it, under **State v Whitmore, 126 Oh St 381, 387, 388.** The infirmity in the indictment is not in the form nor the substance of the language therein employed, but becomes evident in applying to the offense charged the factual developments appearing in the bills of particulars.

Counsel for the State may be assured that the members of this Court carefully considered everything that was set out in all of the bills of particulars brought to our attention on the appeal.

Upon further consideration of the question presented as urged by the application for rehearing, we find no sufficient reason to change our respective opinions and they will be and are adhered to.

The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.